UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LARRY R. WILLIAMS<br>301 North Seventh Street<br>Nashville, Arkansas 71852<br>(870) 845-4438<br><br>and<br><br>KAREN A. WILLIAMS<br>301 North Seventh Street<br>Nashville, Arkansas 71852<br>(870) 845-4438<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>  c/o Alberto R. Gonzales<br>  Attorney General<br>  U.S. Department of Justice<br>  950 Pennsylvania Avenue, N.W.<br>  Washington, D.C. 20530-0001<br><br>  c/o Kenneth Wainstein<br>  U.S. Attorney for the<br>    District of Columbia<br>  Judiciary Center Building<br>  555 4th St., N.W.<br>  Washington, D.C. 20530<br><br>  c/o Mike Johanns<br>  Secretary<br>  U.S. Department of Agriculture<br>  1400 Independence Avenue, S.W.<br>  Washington, D.C. 20250<br><br>  Defendant. | CASE NUMBER 1:05CV01880<br><br>JUDGE: Richard W. Roberts<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 09/22/2005 |

1

## COMPLAINT

### I. Nature of the Claim

1. This is an action under the Federal Tort Claims Act ("FTCA"), §§ 2671 through 2680 of Title 28 of the United States Code.

### II. Jurisdiction and Venue

2. Jurisdiction is based upon 28. U.S.C. §§ 1331 and 1346(b).

3. Venue lies in this district because the offices of the United States Department of Agriculture are located in the District of Columbia and some acts at issue occurred in the District of Columbia.

### III. Parties

4. Plaintiffs Larry R. Williams and Karen A. Williams owned 1005 acres of land in Arkansas. They lost the land to foreclosure after their Farmers Home Administration ("FmHA") loan was accelerated on September 17, 1986. Plaintiffs were classified by the FmHA as in Monetary Default Only.

5. Defendant United States of America is the defendant in Federal Tort Claims Act cases. The United States Department of Agriculture is an agency in the government of the United States of America.

### IV. Statement of the Facts

6. Plaintiffs Larry and Karen A. Williams owned and operated a farming operation in Arkansas, but fell behind in payments on FmHA loans. FmHA accelerated the loans between 1985 and 1987.

7. In 1987, the Office of the United States Attorney for the Western District of Arkansas brought a foreclosure action against plaintiffs. There was a final judgment in the government's favor and the plaintiffs lost their farming operation.

8. On October 29, 1992, plaintiffs filed an action in this District, which included common law tort claims against numerous individuals. On January 10, 1994, the District Court (the Honorable Norma Holloway Johnson) substituted the United States as

the exclusive defendant in their official capacities and transferred the remaining claims to the Western District of Arkansas.

9.  On January 26, 1996, the United States Magistrate Judge issued his report and recommendation, which included the recommendation that the FTCA claims against the United States be dismissed for failure to exhaust administrative remedies.

10. On March 5, 1996, the District Court adopted the findings and recommendations of the Magistrate Judge and dismissed the claims against the United States. That holding was upheld on appeal. Williams v. United States, 96-2234WAT (8th Cir. Aug. 22, 1996).

11. On March 23, 1998, plaintiffs filed a complaint pursuant to the Federal Tort Claims Act. On March 10, 1999, the District Court (the Honorable Gladys Kessler) granted the motion of the United States to dismiss the case. On September 27, 1999, the Court of Appeals summarily affirmed the dismissal. Williams et al., v. United States, 99-5141 (D.C.Cir. 1999). Plaintiffs filed post-judgment motions, which were denied and the motion for summary affirmance on appeal was granted.

12. Plaintiffs were aware that they were in the first group of borrowers to receive benefits under the Agricultural Farm Act of 1987.

13. Plaintiffs attempted to obtain the benefits by accepting the government's invitation by certified mail on March 2, 1988. Plaintiffs had not received benefits under the Act as of February 9, 1989. Upon information and belief, the delay in plaintiffs' obtaining the benefits was at least partly due to the conduct of federal employees.

14. In a letter dated September 18, 1990 ("the Chase letter"), Dennis Chase wrote to U.S. Attorney Michael Fitzhugh (Western District of Arkansas) and Attorney General Richard Thornburgh, and stated:

> You clearly understood that the AGRICULTURAL CREDIT ACT of 1987 rendered your foreclosure moot and required your office to instruct FmHA to forward to my clients in accordance with their agreement to do so, the notice referenced under 1951.907(a) ... (Paragraph 48) Such an opportunity

3

to discuss the Williamses with FmHA County Supervisor Harold Lansdale during a mediation meeting in Arkadelphia, Arkansas, yesterday, September 17, 1990, and again confirmed the reason my clients failed to receive their notice due them under 1951.907(a) in November 1988.

Mr. Lansdale stated that he covered himself by complying with your office's dictates and was instructed by you not to provide the required notice to the Williamses as he had agreed to do on February 19, 1988.

15. In a letter dated August 28, 1990, from Pamela M. Dillon, Director, National Appeals Staff, United States Department of Agriculture, to Dennis Chase, Ms. Dillon stated:

> The National Appeals Staff (NAS) conducts administrative appeal hearings of adverse FmHA decisions. The Director of NAS, reports to the Administrator, FmHA. Therefore, the authority of NAS to reverse, uphold, or modify Agency decisions is limited to those instances where an account is still being serviced by the Agency. Once a case has been referred to the United States Attorney, the NAS cannot conduct an administrative appeal, unless directed to do so by the U.S. Attorney's office.
>
> Accordingly, any decision to delay the acceleration and foreclosure action against your clients rests with the U.S. Attorney's office.
>
> We regret our response could not be a favorable one.

16. The federal employees failed to comply with the policy set out in 1951.902(a), which provides that borrowers' accounts must be managed with the overall objective of keeping the farmer in business and, at the same time, minimizing loan cost and losses.

## V. Exhaustion of Remedies

17. On November 15, 1999, plaintiffs submitted a claim to United States Department of Agriculture. The amount of the claim was $23,140,000 million for Larry Williams and $23,140,000 million for Karen A. Williams..

18. By letters dated March 22, 2005, from Kenneth E. Cohen, Assistant General Counsel, General Law Division, the United States Department of Agriculture notified plaintiffs that the claim under the Federal Tort Claims Act was denied.

19. Plaintiffs have filed this action not later than six months after the date of mailing of the notification from the United States Department of Agriculture.

## VI. First Claim - Negligence

20. The United States, including the United States Department of Agriculture and its employees, was negligent in its performance of its duties toward plaintiff. Their actions constituted wrongful foreclosure and failure to provide proper notice and process to plaintiffs in handing the FmHA loan and foreclosure. As a result of the actions of the employees of the United States, plaintiffs have been severely damages by the loss of their property, loss of employment, and loss of profits. Plaintiffs have also suffered severe emotional distress. The employees had a duty to comply with the regulations and pursue the objective of keeping the farmer in business and they failed to carry out that duty.

## VII. Second Claim - Intentional Infliction of Emotional Distress

21. The United States, including the United States Department of Agriculture and its employees, has intentionally or recklessly acted in an extreme and outrageous manner. This conduct has caused plaintiffs severe emotional distress.

## VIII. Prayer for Relief

22. WHEREFORE, plaintiffs pray that this Court:

a. Provide judgment against the United States in the amount of $23,140,000 million for Larry Williams and $23,140,000 million for Karen A. Williams;

b. Award plaintiffs reasonable attorney fees and costs; and

c. Grant any other relief to which plaintiffs may be entitled.

Respectfully submitted,

Elaine Mittleman
D.C. Bar # 317172
2040 Arch Drive
Falls Church, VA 22043
(703) 734-0482
Attorney for Plaintiffs