```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS, et ux.,        )
                                  )
          Plaintiffs,             )
                                  )
     v.                           ) Civil Action No. 05-1880 RWR
                                  )
UNITED STATES OF AMERICA, ___     )
                                  )
          Defendant.              )
                                  )
```

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6), to dismiss the Complaint. In the alternative, this Court should enter summary judgment in favor of defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.[1]

In support of this motion, the Court is respectfully

---

[1] In determining whether the Complaint fails to state a claim, the Court may consider the facts alleged in the Complaint, any documents attached or incorporated in the Complaint, and matters of which the Court can take judicial notice. Fed. R. Evid. 201; EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). The Court may take judicial notice of public documents without converting Defendant's Motion to Dismiss into a motion for summary judgment. Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Federal courts regularly take judicial notice of government documents and documents from other reliable sources available on the Internet. Id.; see also Grimes v. Navigant Consulting, Inc., 185 F. Supp. 2d 906, 913 (N.D. Ill.), vacated and remanded on other grounds, 536 U.S. 920 (2002) (taking judicial notice of historical stock prices from Yahoo!Finance) (citing Austin v. American Ass'n of Neurological Surgeons, 253 F.3d 967, 971 (7th Cir. 2001)). Insofar as the Court deems it necessary to rely on any matters that are reflected in the dockets of this and other Courts, Defendant asks that the Court take judicial notice of such matters, pursuant to Fed. R. Evid. 201.

referred to the accompanying memorandum of points and authorities.  A proposed Order consistent with this motion is attached hereto.

                              Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS, et ux.,        )
                                  )
           Plaintiffs,            )
                                  )
      v.                          ) Civil Action No. 05-1880 RWR
                                  )
UNITED STATES OF AMERICA,  ____   )
                                  )
           Defendant.             )
                                  )
```

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

#### I. INTRODUCTION

Plaintiffs complain that "the United States, including the United States Department of Agriculture and its employees, was negligent in its performance of its duties toward plaintiff . . . constitut[ing] wrongful foreclosure and failure to provide proper notice and process to plaintiffs in handling the FmHA [Farmers Home Administration] loan and foreclosure," see Complaint, ¶ 20, resulting in Plaintiffs losing their Arkansas farm in a foreclosure action in the 1980s. See id., ¶¶ 4, 6-7, 12-16; October 26, 2000 Memorandum Opinion in Civil Action No. 98-736 GK at 1 (Exhibit 5). Plaintiffs also claim that this conduct caused Plaintiffs severe emotional distress. Id., ¶ 21. Thus, Plaintiffs allege, they "have been severely damages [sic] by the loss of their property, loss of employment, and loss of profits," and each seeks "$23,140,000 million" under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Complaint, ¶¶ 1-4, 20, 22.

The claims in this action are subject to dismissal because: proper venue is lacking; the claims are barred by the doctrines

of res judicata and collateral estoppel; the claims are untimely; and there is no waiver of sovereign immunity for the claims they seek to pursue.

Plaintiffs' Prior Cases[1]

Civil Action No. 85-4120 (W.D. Ark)[2]

In 1985, Plaintiffs filed a Bivens[3] action in the Western District of Arkansas, complaining of violations of the Constitution, statutes and regulations regarding their application to FmHA for loans and services. Complaint in Civil Action No. 85-4120 (W.D. Ark.) at 2, 13. Plaintiffs sought damages as well as declaratory and injunctive relief. Complaint in Civil Action No. 85-4120 at 2-3, ¶¶ 1-4.[4] An Amended And

---

[1] In addition to the cases listed below, Mr. Williams also apparently filed a civil action seeking to challenge his conviction on charges that he wrongfully sold property in which the United States held a security interest. See United States v. Larry Williams, 935 F.2d 1531 (8th Cir. 1991), cert. denied, 112 S. Ct. 1189, reh. denied, 112 S. Ct. 1708 (1992). The civil case was dismissed in part and transferred in part, sua sponte. See Civil Action No. 94-584 TPJ (D.D.C.), Docket Nos. 1, 4. On appeal, the dismissal was summarily affirmed and the request for mandamus relief to stop the transfer was denied. Id., Docket No. 6 (noting Order in Appeal No. 94-5113 (D.C. Cir. June 6, 1994)).

[2] Defendant regrets that, given the passage of time, it has been unable to locate copies of the documents relied upon in describing Civil Action No. 85-4120, which documents were earlier filed in Civil Action No. 92-2418. Defendant has, therefore, provided the description by referencing its May 7, 1993 filing in Civil Action No. 92-2418. See Civil Action No. 92-2418, Docket No. 46.

[3] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[4] The original complaint in Civil Action 85-4120 was brought against the United States; Secretary of Agriculture John Block; FmHA's Administrator Charles Shuman; FmHA's Chief of Farmer Programs Neal Sox Johnson; FmHA's Assistant District

Supplemented Complaint (Amended Complaint) was filed in Civil Action 85-4120 on April 14, 1986, containing similar allegations and seeking similar relief.  See Amended Complaint in Civil Action 85-4120 at 2-3, ¶¶ 1-3.[5]

On June 5, 1989, judgment was entered in favor of the defendants on all claims in Civil Action No. 85-4120, except a state law claim against defendants Richard Johnson, Leo Evans and Robert Hankins for Tortuous Interference With Contract, i.e., interference with plaintiffs' alleged right to apply for, be considered for, and to contract for FmHA loan funds and/or services. See Amended Complaint in Civil Action 85-4120 at 56, ¶ 163; see also June 5, 1989 Order and Memorandum Opinion in Civil Action 85-4120.  The Court found that the defendants were entitled to immunity with respect to Plaintiffs' due process claims regarding the government's foreclosure action and its refusal to provide additional loans or services as well as

---

Director, Arkansas District Six, Leo E. Evans; FmHA's County Supervisor for Howard County, Arkansas James M. Smith; FmHA's County Supervisor for Nevada County, Arkansas, Jeffrey R. Spencer; FmHA's County Supervisor for Miller County, Arkansas, Randall L. Tyler; as well as Robert Hankins and Carl Ingram, federal defendants in the instant action.  See Original Complaint in Civil Action 85-4120, Caption and ¶¶ 5-16.

[5]    Named in the Amended Complaint in Civil Action No. 85-4120 were then Secretary of Agriculture Richard Lyng; FmHA's Administrator Vance L. Clark; FmHA's Assistant District Director, Arkansas District Six, Leo E. Evans; FmHA's former County Supervisor for Howard County, Arkansas, James M. Smith; FmHA's County Supervisor for Howard County, Arkansas, Richard Johnson; FmHA's County Supervisor for Nevada County, Arkansas, Jeffrey R. Spencer; FmHA's County Supervisor for Miller County, Arkansas, Randall L. Tyler; as well as Robert Hankins and Carl Ingram, federal defendants in the instant action.  See Amended Complaint in Civil Action 85-4120, Caption and ¶¶ 5-13.

Case 1:05-cv-01880-TFH    Document 6    Filed 03/22/2006    Page 6 of 20

plaintiffs' statutory and regulatory based claims regarding violations of 7 U.S.C. § 1981(a) and the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. Although judgment was not entered in favor of defendants on the state law claim, that claim was dismissed without prejudice in the same June 5, 1989 Order. Id.

Meanwhile, Plaintiffs had obtained an additional loan, or loans, secured by cattle and other chattels. See Complaint in Civil Action No. 92-2418, ¶ 30; see also United States v. Williams, 935 F.2d 1531 (8th Cir. 1991), cert. denied, 112 S. Ct. 1189, reh. denied, 112 S. Ct. 1708 (1992). FmHA discovered that Plaintiffs had sold the cattle pledged as security on the new loan without permission. On August 16, 1989, Larry Williams was indicted on several counts of aiding and abetting the conversion of mortgaged property and other offenses relating to the sales, in violation of 18 U.S.C. §§ 658, 1503. See United States v. Williams, supra. In August 1990, Larry Williams was convicted of various counts related to the unauthorized conversions, as well as tampering with the jury in his criminal case, which convictions have been affirmed on appeal. Id.

Civil Action No. 87-4014 (W.D. Ark.)

In 1987, the Office of the United States Attorney for the Western District of Arkansas brought a foreclosure action against Plaintiffs when they fell behind in making payments on Farmers Home Administration ("FmHA") loans. See Complaint, ¶¶ 6-7;

Complaint in Civil Action No. 87-4014 (Exhibit 2); Decree of Foreclosure in Civil Action No. 87-4014 (Exhibit 2).  Mr. and Mrs. Williams unsuccessfully attempted to raise a counterclaim in Civil Action No. 87-4014, but the United States argued that the counterclaim could not succeed in light of the res judicata effect of the judgment in Civil Action No. 85-4120.  See "Motion To Dismiss The Counterclaim Of Larry R. Williams And Karen Ann Williams" in Civil Action No. 87-4014. (Exhibit 1).
There was a final judgment in the government's favor and the Plaintiffs lost their farming operation.  See Complaint, ¶¶ 6-7.

    Civil Action No. 92-2418 NHJ (D.D.C.)

On October 29, 1992, Plaintiffs filed a complaint in the District of Columbia (Civil Action No. 92-2418 NHJ), seeking relief for plaintiffs' "losses and injuries arising out of defendant's breach of Constitutional, Statutory, and Regulatory duties with regard to Defendants' withholding of benefits due the Plaintiffs under the Agricultural Farm Act Of 1987."  See Complaint in Civil Action No. 92-2418, ¶¶ 1-2.  In a Memorandum Opinion and Order filed January 11, 1994, certain claims (including those brought against defendants from the District of Columbia) were dismissed and all remaining claims were transferred to the Western District of Arkansas, where they were assigned Civil Action No. 94-4038 HFB.  See January 11, 1994 Mem. Op. and Order in Civil Action No. 92-2418 NHJ; Civil Action No. 92-2418, Nov. 14, 1994 docket entry. (Exhibit 3).

On appeal to the United States Court of Appeals for the District of Columbia Circuit, the rulings of this Court in Civil Action No. 92-2418, were affirmed in two separate opinions, one affirming the dismissal of the various claims (Civil Action No. 92-2418, Docket No. 105; 1994 WL 405916 (June 6, 1994)), and another denying Plaintiffs' request for mandamus to stop transfer of the case to Arkansas. (Civil Action No. 92-2418, Docket No. 106; 1995 WL 66642 (Feb. 14, 1995)) (Exhibit 3).

<u>Civil Action No. 94-4038 HFB</u>

On March 6, 1996, the claims that remained after transfer to Arkansas, including <u>Bivens</u> claims against various individual defendants and the Federal Tort Claims Act ("FTCA") claims against the United States, were dismissed <u>with</u> <u>prejudice</u>. See March 6, 1996 Order (Civil Action No. 94-4038 HFB, Docket No. 87). Plaintiffs appealed (Civil Action No. 94-4038, Docket No. 88), and the judgment was affirmed, <u>id</u>. (Civil Action No. 94-4038, Docket No. 94); Plaintiffs' petition for certiorari to the Supreme Court was denied. <u>Id</u>. (Civil Action No. 94-4038 HFB, Docket No. 96) (Exhibit 4).

<u>Civil Action No. 98-736 GK</u>

Notwithstanding the dismissal with prejudice of, <u>inter</u> <u>alia</u>, Plaintiffs' claims under the FTCA, <u>see</u> March 6, 1996 Order in Civil Action No. 94-4038 (<u>see</u> Exhibit 4), they again filed an FTCA action in this Court on March 23, 1998. Complaint, ¶ 11;

see also Docket Sheet in Civil Action No. 98-736. (Exhibit 5).[6] The case was dismissed on March 10, 1999, and the United States Court of Appeals for the District of Columbia Circuit summarily affirmed that dismissal. See Civil Action No. 98-736, Docket Nos. 38-39, 43; 1999 WL 825510 (D.C. Cir. Sept. 27, 1999) (Exhibit 5). In affirming the judgment, the Court of Appeals specifically addressed the propriety of the dismissal of Plaintiffs' FTCA claims as untimely:

> Appellants have not effectively challenged the district court's holding that they did not timely exhaust their administrative remedies. Other than the bald assertion that they timely exhausted in light of the exception contained in 28 U.S.C. § 2679(d)(5) for cases in which the United States is substituted as the defendant, they make no effort to show that the court erred in holding that § 2679(d)(5) does not govern their case because, despite a substitution, they were not mistaken about their obligation to exhaust. Moreover, despite appellants' argument to the contrary, a defendant may raise a statute of limitations defense in a pre-answer motion to dismiss. See Smith-Haynie v. District of Columbia, 155 F.3d 575, 577-78 (D.C. Cir. 1998). Furthermore, while appellants suggest that their claim concerning denial of benefits under the Agricultural Farm Act of 1987 did not accrue until they learned that benefits were available, they do not

---

[6] At one point, the Court summarized the allegations in this 1998 civil action as follows:

> Plaintiffs, Larry and Karen Williams, operated a farm in Arkansas. In the 1980s, they fell behind in their loan payments to the Farmers Home Administration and the government foreclosed on their farm. Plaintiff's have brought numerous actions against the government based on the handling of their loans. Thus far, they have lost all of these cases.
>
> Plaintiffs brought the present case pursuant to the Federal Tort Claims Act.

October 26, 2000 Memorandum Opinion in Civil Action No. 98-736 at 1. (Exhibit 5).

- 7 -

> indicate in their opposition when that might have been. Finally, as for appellants' argument that the "Chase letters" constituted timely administrative claims, the letters did not contain the requisite "sum-certain damages claim," see GAF Corp. v. United States, 818 F.2d 901, 909 (D.C. Cir. 1987), nor could the agency have divined from the letters that appellants sought $23,140,000 in damages, including $20,000,000 for "[l]oss of income, health, reputation, emotional distress, [and] future income." Complaint at 22. Because none of appellants' arguments undermines the district court's holding, we grant the motion for summary affirmance.

Sept. 27, 1999 Order in Williams v. United States, No. 99-5141 at 1-2 (D.C. Cir. 1999). (Exhibit 5).

Despite Plaintiffs' subsequent, frequent requests for reconsideration, the 1999 judgment stands. See Civil Action No. 98-736, Docket Nos. 44, 48, 49, 52-54, 60. (Exhibit 5). Indeed, in assessing reconsideration for the third time, the Hon. Gladys Kessler recounted the allegations and rulings in Civil Action No. 98-736 and concluded as follows:

> Upon reviewing Plaintiffs' present Motion, it is clear that Plaintiffs are simply rearguing, for the third time, theories upon which the Court has already ruled and repeatedly rejected. Once again, Plaintiffs have failed to provide a sufficient reason why this Court's March 10, 1999 judgment, which dismissed this case in its entirety on multiple grounds, should be re-examined.
> Accordingly, it is hereby
>
> **ORDERED**, that Plaintiffs' Motion To Alter or Amend Judgment of October 26, 2000, Memorandum Opinion [#54] is **denied**; and it is further
>
> **ORDERED**, THAT Plaintiffs **shall not file any subsequent documents in this case without written leave of Court**, and that if Plaintiffs violate this Order, they shall be subject to sanctions, including the imposition of monetary fees against Plaintiffs' counsel in her personal capacity.

- 8 -

May 21, 2001 Memorandum Order in Civil Action No. 98-736 at 3-4 (emphasis in original) (Exhibit 5).

## II. ARGUMENT

### A. Venue

Venue does not lie in this jurisdiction for Plaintiffs' claims.

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b).[7]

Where the plaintiff does not reside in this district and the act complained of occurred outside this district, venue does not lie here. See Reuber v. United States, 750 F.2d 1039, 1046-48 (D.C. Cir. 1984); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. Federal Aviation Admin., 617 F. Supp. 190, 198-99 (D.D.C. 1985).  Plaintiffs in this action reside in

---

[7] Under the FTCA:

> Subject to the provisions of chapter 171 of [title 28] the district courts, together with the United States District Court for the District of the Canal Zone and the District of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of personal property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Arkansas, see Complaint at 1, and the operative events alleged in the Complaint occurred in Arkansas. Complaint, ¶¶ 4, 6-10, 12-16, 20.[8] Therefore, Plaintiffs' claims cannot be brought in this district under the applicable venue provision and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

### B.  Res Judicata and Collateral Estoppel

Under the related doctrines of res judicata and collateral estoppel, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been finally decided; and once a court has decided on issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action. Allen v. McCurry, 449 U.S. 90, 94 (1980); United States v. Mendoza, 464 U.S. 154, 158 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); American Employers Insurance Company v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984); I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company, 723 F.2d 944, 947

---

[8] Plaintiffs make the unsupported assertion that "[v]enue lies in this district because the offices of the United States Department of Agriculture are located in the District of Columbia and some acts at issue occurred in the District of Columbia." Complaint, ¶ 3. In fact, the location of the office of a Federal agency are not considered in the venue provision of the FTCA. See 28 U.S.C. § 1402(b). Moreover, the "some acts" referenced by Plaintiffs appear to include only their improper filing in this district of their prior civil actions. See Complaint, ¶¶ 8, 11. The manufacture of venue under such circumstances is not countenanced in this district. See Cameron v. Thornburgh, 983 F.2d 253, 256-57 (D.C. Cir. 1993)("Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.")

(D.C. Cir. 1983); Jack Faucett Associates, Inc. v. American Telephone and Telegraph Company, 566 F. Supp. 296, 299 (D.D.C. 1983); see also Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.D.C. 1983), aff'd in part, rev'd in part 818 F.2d 879, 888 (D.C. Cir. 1987). No less deference is due a judgment in a criminal proceeding than civil proceeding. Institute National v. Continental Illinois National Bank, 858 F.2d 1264, 1271 (7th Cir. 1988); Byrd v. Smith, 693 F. Supp. 1199, 1201 (D.D.C. 1986) (citing McCord v. Bailey, 636 F.2d 606, 609 (D.C. Cir. 1980), cert. denied, 451 U.S. 983 (1981)).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. United States v. Mendoza, 464 U.S. 154, 158 (1984); Cutler v. Hayes, 549 F. Supp. at 1343; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

As noted above, Plaintiffs have sought to litigate again and again the issues in the Complaint. They cannot. In light of the numerous previous judgments against them on these claims,

- 11 -

including resolution of the issue of the untimeliness of their FTCA claims, Plaintiffs are barred from relitigating in this forum that which they had a full and fair opportunity to litigate in several others. For these reasons, the Complaint in the instant action should be dismissed.

### C. The Claims Are Untimely

Plaintiffs complaint must be dismissed because it was not timely instituted. As noted above, this issue has previously been conclusively established against Plaintiffs. See e.g., Sept. 27, 1999 Order in Williams v. United States, No. 99-5141 at 1-2 (D.C. Cir. 1999); March 5, 1996 Order in Civil Action No. 94-4038 at 1 ("the state tort law claims against the U.S. brought pursuant to the FTCA should be and hereby are dismissed with prejudice") (Exhibit 4). Nevertheless, Defendant shall reiterate how it is that the passage of time has not altered the inescapable result that Plaintiffs' claims remain untimely.

Under 28 U.S.C. § 2401(b),

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Id. To meet the requirements of this section the claimant must both file a claim with the agency within two years after accrual of the claim and then file a complaint in the District Court within six months after the agency denies the claim. Schuler v.

- 12 -

United States, 628 F.2d 199, 201 (D.C. Cir. 1980). The six month time limit is jurisdictional. Sinkfield v. Pope, 578 F. Supp. 1500, 1501 (E.D. Mo. 1983); see Spannaus v. U.S. Dept. of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987) (interpreting 28 U.S.C. § 2401(a)). The Act waives the immunity of the United States and must not be construed to extend the waiver beyond that which Congress intended. United States v. Kubrick, 444 U.S. 111, 117-18 (1979).

In this action, Plaintiffs' failure to file an administrative claim within the time required deprives this Court of jurisdiction over any such claim. Plaintiffs allege that they submitted a claim to the U.S. Department of Agriculture on November 15, 1999. Complaint, ¶ 17. Plaintiffs admit, however, that they were aware of the foreclosure and the adverse FmHA decision long before November 1997. See Complaint, ¶¶ 6-7, 11-16; January 11, 1994 Memo. Op. in Civil Action No. 92-2418.[9]

### E. There Is No Waiver of Sovereign Immunity

In any event, the FTCA does not afford a waiver of sovereign

---

[9] Plaintiffs have made several administrative claims regarding these issues, including at least one in 1992 that was denied by certified mailing dated February 9, 1994; others in 1996, denied by certified mailings dated May 20, 1998 and July 14, 1998. See Exhibits 6-7. Even these administrative claims were untimely submitted where the foreclosure took place in June 1990. See Decree Of Foreclosure excerpt (Exhibit 2). But, the instant Complaint was still not filed within 6 months of the denials of those administrative claims, and the mere resubmission of an untimely administrative claim in November 1999, see Complaint, ¶ 17, did not revitalize the Plaintiffs' already untimely claims.

- 13 -

immunity for money damages resulting from alleged violations of federal law.  Rather, "[t]he FTCA waives sovereign immunity only for a tortuous violation of a duty imposed by state law." Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990); 28 U.S.C. § 1346(b).  As the Court of Appeals has recognized:

> It is true that [defendants] failed to give Art Metal the process due it under the procurement regulations. Because the regulations do not embody duties recognized under District of Columbia tort law, however, they do not assist Art Metal in this FTCA action. . . .  The FTCA's local law requirement may not be circumvented merely by casting the alleged constitutional wrong as negligence.

Art Metal-U.S.A., Inc. v. United States, 753 F.2d 1151, 1160 (D.C. Cir. 1985); accord Tripp v. United States, 257 F. Supp.2d 37, 45 (D.D.C. 2003) ("Unless plaintiff can establish a duty under District of Columbia law . . . she cannot state a claim for negligence under the FTCA.").

Plaintiffs attempt to base a tort claim for damages on an alleged violation of a federal statute or policy.  Complaint, ¶¶ 12-27.  But, there is no waiver of sovereign immunity for such claims in the FTCA.  Art Metal-U.S.A., Inc. v. United States, 753 F.2d at 1160; Tripp v. United States, 257 F. Supp.2d at 45.

III.  CONCLUSION

    For the foregoing reasons the Complaint in this action should be dismissed or, in the alternative, summary judgment granted in favor of Defendant.

                      Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

LARRY R. WILLIAMS, et ux.,        )
                                  )
            Plaintiffs,           )
                                  )
        v.                        ) Civil Action No. 05-1880 RWR
                                  )
UNITED STATES OF AMERICA, ____    )
                                  )
            Defendant.            )
_____)

```
              STATEMENT OF MATERIAL FACTS
              AS TO WHICH THERE IS NO DISPUTE
```

1. Plaintiffs have previously litigated the propriety of the actions taken regarding FmHA loans and services and regarding the foreclosure of their property: in Civil Action No. 85-4120 (W.D. Ark.); in Civil Action 87-4014 (W.D. Ark.) (foreclosure action); in Civil Action No. 92-2418 NHJ (D.D.C.); in Civil Action No. 94-4038 HFB (W.D. Ark.); in Civil Action No. 98-736 GK (D.D.C.); and in each instance lost. See Exhibits 1-5.

2. The propriety of Larry Williams' criminal conviction has been finally decided against him in United States v. Williams, 1631 (8th Cir. 1991), cert. denied, 112 S. Ct. 1189, reh. denied, 112 S. Ct. 1708 (1992). See id.

3. Plaintiffs were aware of the foreclosure and the adverse FmHA decision long before November 1997. See Complaint, ¶¶ 6-7, 11-16; January 11, 1994 Memo. Op. in Civil Action No. 92-2418; Exhibit 3 (excerpts from Civil Action No. 87-4014 (W.D. Ark.)).

4. Plaintiffs' earlier administrative tort claims were denied by certified letters mailed to them on February 9, 1994,

May 20, 1998 and July 14, 1998, true and correct copies of which accompany this filing.  See Exhibit 7.

    5.  This civil action was commenced with the filing of a Complaint on September 22, 2005.  See Complaint at 1.

                      Respectfully submitted,

                        _____
                        KENNETH L. WAINSTEIN, DC Bar #451058
                        United States Attorney

                        _____
                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney

                        _____
                        W. MARK NEBEKER, DC Bar #396739
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion to Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum, statement of material facts and a proposed Order has been made through the Court's electronic transmission facilities on this 22nd day of March, 2006.

---
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230