<u>Larry Williams</u> v. <u>United States</u>,
Civil Action No. 05-1880 RWR.

Exhibit 3
(excerpts regarding Civil Action No. 92-2418 NHJ {D.D.C.})

CLOSED, JURY, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:92-cv-02418-NHJ

| | |
|---|---|
| WILLIAMS, et al v. USA, et al | Date Filed: 10/29/1992 |
| Assigned to: Judge Norma Holloway Johnson | Jury Demand: Plaintiff |
| Demand: $0 | Nature of Suit: 550 Prisoner: Civil Rights |
| Related Case: 1:05-cv-01880-TFH | |
| Cause: 28:1331 Federal Question: Other Civil Rights | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**LARRY R. WILLIAMS**                    represented by   **LARRY R. WILLIAMS**
                                                          R03885-010
                                                          MILLINGTON FEDERAL PRISON
                                                          CAMP
                                                          6696 Navy Road
                                                          Millington, TN 38053
                                                          PRO SE

**Plaintiff**

**KAREN A. WILLIAMS**                    represented by   **KAREN A. WILLIAMS**
                                                          301 North Seventh Street
                                                          Nashville, AR 71852
                                                          Fax: AREA CODE (870)
                                                          PRO SE

V.

**Defendant**

**UNITED STATES OF AMERICA**             represented by   **William Mark Nebeker**
                                                          U.S. ATTORNEY'S OFFICE
                                                          Judiciary Center Building
                                                          555 Fourth Street, NW
                                                          Room 10-439
                                                          Washington, DC 20530
                                                          (202) 514-7230
                                                          Fax: 202-305-0955
                                                          Email: mark.nebeker@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**EDWARD R. MADIGAN**                    represented by   **William Mark Nebeker**
*individually and in his capacity as*                     (See above for address)
*Secretary of the United States*                          *LEAD ATTORNEY*

Department of Agriculture.                                ATTORNEY TO BE NOTICED

**Defendant**

**LAVERNE G. AUSMON**                        represented by  **William Mark Nebeker**
*individually and in her capacity as*                    (See above for address)
*Administrator of the Farmers Home*                      *LEAD ATTORNEY*
*Administration*                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**MIKE G. DUNAWAY**                          represented by  **William Mark Nebeker**
*individually and in his capacity as Chief*              (See above for address)
*of Farmers Programs, Farmers Home*                      *LEAD ATTORNEY*
*Administration*                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**RICHARD J. JOHNSON**                       represented by  **William Mark Nebeker**
*individually and in his capacity as*                    (See above for address)
*District Director, Arkansas District Six,*              *LEAD ATTORNEY*
*Farmers Home Administration*                            *ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT L. HAWKINS**                        represented by  **William Mark Nebeker**
*individually and in his capacity as*                    (See above for address)
*Arkansas State Director, Farmers*                       *LEAD ATTORNEY*
*Home Administration*                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES D. HOFF**                          represented by  **William Mark Nebeker**
*individually and in his capacity as*                    (See above for address)
*County Supervisor, Howard County*                       *LEAD ATTORNEY*
*Arkansas, Farmers Home*                                 *ATTORNEY TO BE NOTICED*
*Administration*

**Defendant**

**HAROLD LANSDALE**                          represented by  **William Mark Nebeker**
*individually and in his capacity as*                    (See above for address)
*County Supervisor, Lafayette County,*                   *LEAD ATTORNEY*
*Arkansas, Farmers Home*                                 *ATTORNEY TO BE NOTICED*
*Administration*

**Defendant**

**CARL R. INGRAM**                           represented by  **William Mark Nebeker**
*Retired Famers Home Administration*                     (See above for address)
*District Director, Arkansas District Six*               *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**DANNY L. WOODYARD**                        represented by  **William Mark Nebeker**
*Individually and in his capacity as*                    (See above for address)

*General Counsel for the United States*                    *LEAD ATTORNEY*
*Department of Agriculture, Farmers*                       *ATTORNEY TO BE NOTICED*
*Home Administration, Little Rock,*
*Arkansas, Assistant United States*
*Attorney.*

### Defendant

**WILLIAM P. BARR**                          represented by   **William Mark Nebeker**
*Attorney General of the United States,*                     (See above for address)
*individually and in his capacity as*                        *LEAD ATTORNEY*
*Attorney General of the United States*                      *ATTORNEY TO BE NOTICED*

### Defendant

**STEVEN N. SNYDER**                          represented by   **William Mark Nebeker**
*individually and in his capacity as*                         (See above for address)
*Assistant U.S. Attorney, Western*                            *LEAD ATTORNEY*
*District of Arkansas.*                                       *ATTORNEY TO BE NOTICED*

### Defendant

**CARROL J. PAYNE**                           represented by   **William Mark Nebeker**
*individually and in his capacity as*                         (See above for address)
*Federal Bureau of Investigation Case*                        *LEAD ATTORNEY*
*Worker.*                                                     *ATTORNEY TO BE NOTICED*

### Defendant

**FEDERAL BUREAU OF**
**INVESTIGATION**

### Defendant

**MICHAEL J. FITSHUGH**                       represented by   **William Mark Nebeker**
*Individually and in his capacity as U.S.*                    (See above for address)
*Attorney, Western District of Arkansas*                      *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

### Defendant

**LARRY R. MCCORD**                           represented by   **William Mark Nebeker**
*individually and in his capacity as*                         (See above for address)
*Assistant U.S. Attorney, Western*                            *LEAD ATTORNEY*
*District of Arkansas*                                        *ATTORNEY TO BE NOTICED*

### Defendant

**WILLIAM M. CROMWELL**                       represented by   **William Mark Nebeker**
*Individually and in his capacity as*                         (See above for address)
*Assistant United States Attorney,*                           *LEAD ATTORNEY*
*Western District of Arkansas.*                               *ATTORNEY TO BE NOTICED*

### Defendant

**CLAUDE L. HAWKINS**                         represented by   **William Mark Nebeker**
*individually and in his capacity as*                         (See above for address)

*Assistant U.S. Attorney Western District
of Arkansas.*

*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**NOEL DAVIS, JR.**                    represented by **Noel Davis, Jr.**
*his heirs and or assigns.*                              1001 Grove Street
                                                         Nashville, AK 71852
                                                         (501) 845-1645
                                                         *LEAD ATTORNEY
                                                         ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES R. HOWARD**
*heirs and assigns*

**Defendant**

**CHARLES BENNETT**
*heirs or assigns.*

**Defendant**

**JOYCE BENNETT**
*heirs and assigns.*

**Defendant**

**SANDRA CAMPBELL**
*heirs and or assigns.*

**Defendant**

**ANTONIO SANTOS**

**Defendant**

**JANE DOE**

**Defendant**

**ABC CORPORATION**

**Defendant**

**XYZ CORPORATION**

**Defendant**

**VIRGINIA HOWARD**

**Defendant**

**MAX DAVID CAMPBELL**
*heirs and or assigns*

**Defendant**

**II RICHARD ROE**

**Defendant**

**PAMELA L. DILLON**                    represented by **William Mark Nebeker**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/1992 | 1 | COMPLAINT filed ; exhibits (4) (dmb) (Entered: 11/02/1992) |
| 10/29/1992 | 2 | APPLICATION by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to proceed in forma pauperis (dmb) (Entered: 11/02/1992) |
| 10/29/1992 | | ORDER by Judge John H. Pratt granting application motion to proceed in forma pauperis [2-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (fiat) (N) (dmb) (Entered: 11/02/1992) |
| 12/30/1992 | | SUMMONS issued (26) see attachment in file (dmb) (Entered: 01/04/1993) |
| 01/12/1993 | 3 | RETURN OF SERVICE executed upon defendant USA, defendant WILLIAM P. BARR 1/7/93 (dmb) (Entered: 01/13/1993) |
| 01/25/1993 | 4 | RETURN OF SERVICE executed upon defendant FBI 1/7/93; via certified mail (dmb) (Entered: 01/26/1993) |
| 01/25/1993 | 5 | RETURN OF SERVICE executed upon defendant EDWARD R. MADIGAN, defendant LAVERNE G. AUSMON 1/8/93 ; via certified mail (dmb) (Entered: 01/26/1993) |
| 01/25/1993 | 6 | RETURN OF SERVICE executed upon defendant STEVEN N. SNYDER, defendant MICHAEL J. FITSHUGH, defendant LARRY R. MCCORD, defendant WILLIAM M. CROMWELL, defendant CLAUDE L. HAWKINS 1/13/93 (dmb) (Entered: 01/26/1993) |
| 01/25/1993 | 7 | RETURN OF SERVICE executed upon defendant CARROL J. PAYNE 1/11/93 (dmb) (Entered: 01/26/1993) |
| 01/25/1993 | 8 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant NOEL DAVIS JR. 1/12/93 (dmb) (Entered: 01/26/1993) |
| 01/27/1993 | 9 | MOTION filed by federal defendants' for order setting the time by which the federal defendant must respond to the complaint, and memorandum in support thereof (dmb) (Entered: 01/28/1993) |
| 01/27/1993 | 10 | ATTORNEY APPEARANCE for defendant USA, defendant EDWARD R. MADIGAN, defendant LAVERNE G. AUSMON, defendant MIKE G. DUNAWAY, defendant RICHARD J. JOHNSON, defendant ROBERT L. HAWKINS, defendant CHARLES D. HOFF, defendant HAROLD LANSDALE, defendant CARL R. INGRAM, defendant DANNY L. WOODYARD, defendant WILLIAM P. BARR, defendant |

District of Columbia live database - Docket Report
Page 6 of 14
Case 1:05-cv-01880-TFH    Document 6-4    Filed 03/22/2006    Page 7 of 26

| | | STEVEN N. SNYDER, defendant CARROL J. PAYNE, defendant MICHAEL J. FITSHUGH, defendant LARRY R. MCCORD, defendant WILLIAM M. CROMWELL, defendant CLAUDE L. HAWKINS, defendant PAMELA L. DILLON by William Mark Nebeker , Assistant United States Attorney (dmb) (Entered: 01/28/1993) |
|---|---|---|
| 01/29/1993 | 13 | OBJECTIONS by defendants to related case designation (dmb) (Entered: 02/02/1993) |
| 01/29/1993 | 14 | MOTION filed by defendant to dismiss on ground of res judicata , or to dismiss for failure to state a cause of action, or , in the alternative for a change of venue (dmb) (Entered: 02/02/1993) |
| 02/01/1993 | 11 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant JOYCE BENNETT 1/22/93 (lpp) (Entered: 02/02/1993) |
| 02/01/1993 | 12 | REQUEST by plaintiff(s) LARRY R. WILLIAMS for counsel (dmb) (Entered: 02/02/1993) |
| 02/01/1993 | | Text not available. (Entered: 02/03/1993) |
| 02/04/1993 | 15 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS for admissions (dmb) (Entered: 02/05/1993) |
| 02/04/1993 | 16 | MOTION filed by plaintiff(s) to strike the pleading filed by defendant Noel Davis (dmb) (Entered: 02/05/1993) |
| 02/08/1993 | 18 | RETURN OF SERVICE/AFFIDAVIT executed upon defendant CARL R. INGRAM on 1/30/93 (dmb) (Entered: 02/11/1993) |
| 02/09/1993 | 17 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant CHARLES R. HOWARD 1/20/93 (dmb) (Entered: 02/10/1993) |
| 02/10/1993 | 19 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to strike pleadings of the defendants Campbell, et al (dmb) (Entered: 02/11/1993) |
| 02/10/1993 | 20 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant CHARLES BENNETT 2/10/93 (dmb) (Entered: 02/11/1993) |
| 02/10/1993 | 21 | NOTICE by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS traverse to the defendants answer (dmb) (Entered: 02/12/1993) |
| 02/12/1993 | 22 | RESPONSE (OPPOSITIONS) by defendant NOEL DAVIS JR. to motion for counsel [12-1] by LARRY R. WILLIAMS (dmb) (Entered: 02/16/1993) |
| 02/16/1993 | 23 | RESPONSE by defendant NOEL DAVIS JR. motion to strike the pleading filed by defendant Noel Davis [16-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (dmb) (Entered: 02/17/1993) |
| 02/17/1993 | 25 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant HAROLD LANSDALE 2/6/93 (dmb) (Entered: 02/22/1993) |

| 02/17/1993 | 26 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant PAMELA L. DILLON 2/6/93 (dmb) (Entered: 02/22/1993) |
| 02/17/1993 | 27 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant MIKE G. DUNAWAY 2/6/93 (dmb) (Entered: 02/22/1993) |
| 02/17/1993 | 28 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant RICHARD J. JOHNSON 2/17/93 (dmb) (Entered: 02/22/1993) |
| 02/17/1993 | 29 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant ROBERT L. HAWKINS 2/6/93 (dmb) (Entered: 02/22/1993) |
| 02/17/1993 | 30 | ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon defendant CHARLES D. HOFF 2/6/93 (dmb) (Entered: 02/22/1993) |
| 02/18/1993 | 24 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS for admissions (Second Set) (dmb) (Entered: 02/22/1993) |
| 02/22/1993 | 31 | RESPONSE by defendant motion to strike pleadings of the defendants Campbell, et al [19-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (dmb) (Entered: 02/23/1993) |
| 03/04/1993 | 32 | REPLY by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to response to motion of plaintiffs to strike [31-1] by RICHARD J. JOHNSON, MIKE G. DUNAWAY, LAVERNE G. AUSMON, EDWARD R. MADIGAN (dmb) (Entered: 03/05/1993) |
| 03/04/1993 | 33 | REPLY by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to response to motion to strike pleadings of the defendants Campbell, et al [19-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (dmb) (Entered: 03/05/1993) |
| 03/05/1993 | 34 | RESPONSE (OPPOSITIONS) by defendant NOEL DAVIS JR. to motion for admissions [15-1] by LARRY R. WILLIAMS (dmb) (Entered: 03/08/1993) |
| 03/08/1993 | 35 | MOTION filed by federal defendants to extend time to 3/29/93 to respond to the complaint (ajr) (Entered: 03/09/1993) |
| 03/10/1993 | 36 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 3/29/93 to respond to the complaint [35-1] by federal defendants; answer due 3/29/93 (N) (ab) (Entered: 03/10/1993) |
| 03/25/1993 | 37 | MOTION filed by federal defendants to extend time to 4/12/93 to respond to plaintiffs' complaint. (pob) (Entered: 03/26/1993) |
| 04/02/1993 | 38 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 4/12/93 to file answer to complaint [37-1] by USA; answer due 4/12/93 (N) (ab) (Entered: 04/02/1993) |
| 04/12/1993 | 39 | MOTION filed by federal defendants to extend time to 4/26/93 within which to respond to plaintiffs' complaint (bm) (Entered: 04/13/1993) |
| 04/12/1993 | 40 | RESPONSE by NOEL DAVIS JR. to request for admissions (bm) |

| | | (Entered: 04/13/1993) |
|---|---|---|
| 04/14/1993 | 41 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 4/26/93 within which to respond to plaintiffs' complaint [39-1] by federal defendants; answer due 4/26/93 (N) (ab) (Entered: 04/15/1993) |
| 04/26/1993 | 42 | MOTION filed by defendant to extend time to 5/3/93 to respond to complaint (dcn) (Entered: 04/27/1993) |
| 04/29/1993 | 43 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 5/3/93 to respond to complaint [42-1] by USA; answer due 5/3/93 (N) (ab) (Entered: 04/30/1993) |
| 05/03/1993 | 44 | MOTION filed by defendant to extend time to 5/7/93 within which to respond to plaintiffs' complaint and memorandum in support thereof (dmb) (Entered: 05/04/1993) |
| 05/06/1993 | 45 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 5/7/93 within which to respond to plaintiffs' complaint and memorandum in support thereof [44-1] by RICHARD J. JOHNSON, MIKE G. DUNAWAY, LAVERNE G. AUSMON, EDWARD R. MADIGAN, USA; answer due 5/7/93 (N) (ab) (Entered: 05/07/1993) |
| 05/07/1993 | 46 | MOTION filed by defendant to dismiss , , or in the alternative for summary judgment ; exhibit (2) ; BULKY (dmb) (Entered: 05/10/1993) |
| 05/24/1993 | 47 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to extend time to 7/6/93 to file response to motion to dismiss (dmb) (Entered: 05/26/1993) |
| 05/27/1993 | 48 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS to extend time to 7/6/93 to file response to motion to dimiss (dmb) (Entered: 05/28/1993) |
| 06/17/1993 | 49 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 7/6/93 to file response to motion to dimiss [48-1] by LARRY R. WILLIAMS; response to motion(s) due by 7/6/93 (N) (ab) (Entered: 06/17/1993) |
| 06/21/1993 | 50 | ORDER by Judge Norma H. Johnson : denying motion for appointment of counsel [12-1] by LARRY R. WILLIAMS (N) (ab) (Entered: 06/22/1993) |
| 06/22/1993 | 51 | NOTICE OF FILING by federal defendant of pages attached to motion to dismiss, filed on May 7, 1993 (dcn) (Entered: 06/23/1993) |
| 06/30/1993 | 52 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to extend time to 7/20/93 to file response to motion to dismiss (dcn) (Entered: 07/02/1993) |
| 07/07/1993 | 53 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 7/20/93 for plaintiff to respond to federal defendants' motion to dismiss [52-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; response to motion(s) due by 7/20/93 (N) (ab) (Entered: 07/07/1993) |
| 07/19/1993 | 54 | MOTION filed by plaintiffs LARRY R. WILLIAMS, and KAREN A. |

| | | |
|---|---|---|
| | | WILLIAMS for the Court to effect proper service upon defendants. (bm) (Entered: 07/19/1993) |
| 07/19/1993 | 55 | MOTION filed by plaintiffs LARRY R. WILLIAMS, and KAREN A. WILLIAMS to change venue , and for writ of corpus (bm) (Entered: 07/19/1993) |
| 07/19/1993 | 56 | RESPONSE by plaintiffs LARRY R. WILLIAMS, and KAREN A. WILLIAMS to motion to dismiss , [46-1] or for summary judgment [46-2] by LAVERNE G. AUSMON, MIKE G. DUNAWAY, RICHARD J. JOHNSON, USA, EDWARD R. MADIGAN; exhibits A, B, C, E through Q. (BULKY PLEADING) (bm) Modified on 07/19/1993 (Entered: 07/19/1993) |
| 07/19/1993 | 57 | BRIEF by plaintiffs LARRY R. WILLIAMS, and KAREN A. WILLIAMS in support of motion for transfer of habeas corpus to the D. C. Circuit; exhibits A through I. (BULKY PLEADING) (bm) (Entered: 07/19/1993) |
| 07/26/1993 | 58 | MOTION filed by defendant to extend time to 8/16/93 within which to reply to plaintiffs' response to federal defendants' motion to dismiss or for summary judgment (pob) (Entered: 07/27/1993) |
| 07/27/1993 | 59 | ORDER by Judge Norma H. Johnson granting Federal Defendant's motion for enlargement of time to and including 8/19/93 to file reply to pltffs' response to Federal Defts' motion to dismiss or, in the alternative, for summary judgment. : (N) (bjl) (Entered: 07/28/1993) |
| 07/29/1993 | 60 | MOTION by Federal Defts/ to extend time to 8/19/93 to respond to pltff. Larry Williams' Motion for Change of Venue and for Writ of Habeas Corpus. (bjl) (Entered: 07/30/1993) |
| 07/29/1993 | 61 | RESPONSE by federal defendants to motion for the Court to effect proper service upon defendants. [54-1] by KAREN A. LARRY R. WILLIAMS (bm) (Entered: 07/30/1993) |
| 08/02/1993 | 62 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 8/19/93 [60-1] to response to plaintiff's motions for change of venue and for writ of habeas corpus by Federal defendants (N) (bm) (Entered: 08/02/1993) |
| 08/16/1993 | 63 | MOTION filed by federal defendants to extend time to 8/26/93 to reply to pltffs' response to federal defendants motion to dismiss or for summary judgment. (bjl) (Entered: 08/19/1993) |
| 08/19/1993 | 64 | RESPONSE by defendant in opposition to motion to change venue [55-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS, motion for writ of corpus [55-2] by KAREN A. WILLIAMS, LARRY R. WILLIAMS . (dmb) (Entered: 08/23/1993) |
| 08/20/1993 | 65 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 8/29/93 [63-1] by federal defendants within which to reply to plaintiffs' response to motion to dismiss or for summary judgment. (N) (bm) (Entered: 08/25/1993) |

| | | |
|---|---|---|
| 08/26/1993 | 66 | MOTION filed by defendant to extend time to 9/2/93 within which to file any reply to plaintiffs' response to federal defendants' motion to dismiss, or for summary judgment and memorandum in support thereof (dmb) (Entered: 08/30/1993) |
| 08/26/1993 | 67 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS to extend time 9/24/93 to file response to Federal defendant opposition to motion from for change of venue and w writ of habeas (dmb) Modified on 08/31/1993 (Entered: 08/30/1993) |
| 08/31/1993 | 68 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 9/2/93 within which to file any reply to plaintiffs' response to federal defendants' motion to dismiss, or for summary judgment and memorandum in support thereof [66-1] by defendants (N) (adc) (Entered: 09/01/1993) |
| 09/02/1993 | 69 | MOTION filed by defendant to extend time to 9/10/93 within which to reply to plaintiffs' response to federal defendants' motion to dismiss , or in the alternative for summary judgment (dmb) (Entered: 09/03/1993) |
| 09/03/1993 | 70 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 9/10/93 within which to reply to plaintiffs' response to federal defendants' motion to dismiss [69-1] by defendants (N) (adc) (Entered: 09/03/1993) |
| 09/09/1993 | 71 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS for transfer of relevant state case to federal jurisdiction ; exhibits (3) BULKY PLEADING (dmb) (Entered: 09/10/1993) |
| 09/09/1993 | 72 | RESPONSE by plaintiff(s) in opposition to motion to change venue [55-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS, motion for writ of corpus [55-2] by KAREN A. WILLIAMS, LARRY R. WILLIAMS . ; exhibits (4) (dmb) (Entered: 09/10/1993) |
| 09/10/1993 | 73 | REPLY by federal defendants to plaintiffs' response to motion to dismiss , [46-1] by LAVERNE G. AUSMON, MIKE G. DUNAWAY, RICHARD J. JOHNSON, USA, EDWARD R. MADIGAN, motion for summary judgment [46-2] by LAVERNE G. AUSMON, MIKE G. DUNAWAY, RICHARD J. JOHNSON, USA, EDWARD R. MADIGAN (adc) (Entered: 09/14/1993) |
| 09/17/1993 | 74 | RESPONSE (amendment) by plaintiff(s) LARRY R. WILLIAMS in opposition to motion for transfer of relevant state case to federal jurisdiction [71-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (adc) (Entered: 09/21/1993) |
| 09/20/1993 | 75 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to extend time to 10/5/93 in which to file any reply to plaintiffs' response to federal defendants' motion to dismiss or for summary judgment ; exhibit (1) (dmb) Modified on 09/27/1993 (Entered: 09/21/1993) |
| 09/22/1993 | 77 | RESPONSE by federal defendants in opposition to motion for transfer of |

| | | |
|---|---|---|
| | | relevant state case to federal jurisdiction [71-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS . (bm) (Entered: 09/24/1993) |
| 09/23/1993 | 76 | ORDER by Judge Norma H. Johnson : granting motion to extend time to 10/5/93 in which to file any reply to plaintiffs' response to federal defendants' motion to dismiss or for summary judgment [75-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (adc) (Entered: 09/23/1993) |
| 10/04/1993 | 79 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS to extend time to 10/20/93 in which to file any reply or response to the federal defendants' motion to dismiss or for summary judgment (dmb) (Entered: 10/07/1993) |
| 10/05/1993 | 78 | REPLY by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to response to motion for transfer of relevant state case to federal jurisdiction [71-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (pob) (Entered: 10/06/1993) |
| 10/19/1993 | 80 | NOTICE by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS of Traverse and/or Affidavit of defense to response to response to motion to dismiss or in the alternative for summary judgment; exhibits (A-F) (dmb) (Entered: 10/20/1993) |
| 10/19/1993 | 81 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS to extend time to 10/30/93 to respond to the letter motion (dmb) (Entered: 10/20/1993) |
| 10/27/1993 | 82 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS for leave of court to enjoin Arnold & Arnold as defendants in 92-2418 ; exhibits (2) (dmb) (Entered: 10/28/1993) |
| 11/29/1993 | 83 | SUPPLEMENT to transfer of writ of habeas corpus; exhibits (A-G) (dmb) (Entered: 12/06/1993) |
| 12/16/1993 | 84 | ORDER by Judge Norma H. Johnson : denying motion for transfer of relevant state case to federal jurisdiction [71-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (adc) (Entered: 12/16/1993) |
| 12/16/1993 | 85 | ORDER by Judge Norma H. Johnson : denying motion to change venue [55-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (adc) (Entered: 12/16/1993) |
| 12/16/1993 | 86 | ORDER by Judge Norma H. Johnson :that objecting parties show cause why this case should not be transferred to the Western District of Arkansas by filing responses of not more than ten (10) pages within eleven (11) days of entry of this order (N) (adc) (Entered: 12/16/1993) |
| 12/27/1993 | 87 | OBJECTIONS by plaintiff(s) LARRY R. WILLIAMS, plaintiff(s) KAREN A. WILLIAMS for order to transfer of case [86-1] (dmb) (Entered: 12/28/1993) |
| 12/27/1993 | 88 | REQUEST by plaintiffs LARRY R. WILLIAMS, and KAREN A. WILLIAMS for admissions to Secretary of Agriculture. (bm) (Entered: 01/03/1994) |

| 12/27/1993 | 89 | REQUEST by plaintiffs LARRY R. WILLIAMS, and KAREN A. WILLIAMS for admissions for Attorney General of the United States. (bm) (Entered: 01/03/1994) |
|---|---|---|
| 01/11/1994 | 90 | MEMORANDUM OPINION by Judge Norma H. Johnson (N) (adc) (Entered: 01/12/1994) |
| 01/11/1994 | 91 | ORDER by Judge Norma H. Johnson :that the United States be, and hereby is, substituted as the exclusive defendant in all claims under the Federal Tort Claims Act; that all Federal Tort Claims Act claims against individual government employees be, and hereby are, dismissed; that all Bivens claims against government employee defendants in their official capacities be, and hereby are, dismissed for lack of subject matter jurisdiction; that Bivens claims against the defendants Edward Madigan, Laverne Ausman, William Barr and Pamela Dillon be, and hereby are dismissed for failure to state a claim and that all remaining claims be, and hereby are, transferred to the Western District of Arkansas (N) (adc) (Entered: 01/12/1994) |
| 01/12/1994 | 92 | MOTION filed by defendants to transfer case to the Western District of Arkansas for the convenience of the parties and witnesses and in the interests of justice (dmb) Modified on 01/31/1994 (Entered: 01/13/1994) |
| 01/12/1994 | 93 | MOTION filed by defendant for protective order preventing all discovery in this matter until after the court rules on the pending defendants' motion to dismiss or in the alternative for summary judgment (dmb) (Entered: 01/13/1994) |
| 01/12/1994 | 94 | MOTION filed by defendants to extend time within which to respond to plaintiffs' requests for admissions (dmb) (Entered: 01/13/1994) |
| 01/25/1994 | 95 | MOTION filed by plaintiffs to extend time to 2/21/94 to file petition for rehearing , to 2/21/94 to file response to federal defendant's motion to transfer in part , to 2/21/94 to file response to federal defendant's motion for enlargement of time , to 2/21/94 to file response to federal defendant's motion for protective order (ab) (Entered: 01/26/1994) |
| 01/27/1994 | 96 | MOTION filed by plaintiff(s) LARRY R. WILLIAMS for re-hearing (adc) (Entered: 01/28/1994) |
| 01/31/1994 | 97 | SUPPLEMENTAL MEMORANDUM by plaintiffs to petition for re-hearing [96-1] by LARRY R. WILLIAMS (ab) (Entered: 02/01/1994) |
| 02/02/1994 | 98 | RESPONSE by federal defendants in opposition to plaintiffs' motion for re-hearing [96-1] by LARRY R. WILLIAMS, and motion to extend time [95-1] by LARRY R. WILLIAMS . (bm) (Entered: 02/03/1994) |
| 02/15/1994 | 99 | NOTICE OF APPEAL by plaintiff(s) LARRY R. WILLIAMS, KAREN A. WILLIAMS from order [91-1] , entered on: 1/12/94. No fee paid. IFP, copies mailed to Larry Williams, Karen Williams, W. Mark Nebeker, AUSA, Noel Davis (dmb) (Entered: 02/16/1994) |
| 02/16/1994 | | TRANSMITTED PRELIMINARY RECORD on appeal [99-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS to U.S. Court of |

| | | Appeals (dmb) (Entered: 02/16/1994) |
|---|---|---|
| 02/25/1994 | | USCA # 94-5034 assigned for appeal [99-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (bm) (Entered: 02/28/1994) |
| 02/28/1994 | 100 | ORDER by Judge Norma H. Johnson : denying motion for re-hearing [96-1] by LARRY R. WILLIAMS; the remaining claims must be speedily transferred to the Western District of Arkansas (N) (adc) (Entered: 02/28/1994) |
| 03/14/1994 | 101 | THIRD SUPPLEMENT by petitioner to action in nature of mandamus; Attachment (1) (ab) (Entered: 03/16/1994) |
| 03/17/1994 | | ORIGINAL FILE and certified copy of docket entries and Order transmitted to Clerk of USDC for Western District of Arkansas pursuant to order dated 2/28/94 (pm) (Entered: 03/17/1994) |
| 04/01/1994 | | RECEIPT and acknowledgment of transfer documents by USDC for Western District of Arkansas at Fort Smith on 3/21/94. Other Court Case No.: 94-4038. (lpp) (Entered: 04/04/1994) |
| 04/25/1994 | 102 | COPY of Order filed in USCA dated 4/25/94, granting motion for return of records and for writ of error; directing Clerk, USDC to request return of the file for review in USCA. USCA # 94-5034 (mbd) (Entered: 04/26/1994) |
| 04/26/1994 | 103 | Copy of LETTER to Clerk, USDC, W.D. AR (Texarkana Div) requesting return of original file pursuant to order USCA filed 4/25/94; attachment (mbd) (Entered: 04/26/1994) |
| 05/03/1994 | 104 | ORIGINAL FILE, certified copy of transfer order and docket sheet received from Clerk, USDC, W.D. AR (Texarkana) per request from Clerk, USDC, DC (Chambers & USCA notified) (mbd) (Entered: 05/04/1994) |
| 08/30/1994 | 105 | CERTIFIED COPY of Order filed in USCA dated 6/6/94, on appeal [99-1] , affirming in part the motion to dismiss and for summary affirmance , construing the notice of appeal as including a petition for writ of mandamus as to that portion USDC's order transferring appellants' remaining claims denying appellants' petition for writ of mandamus; denying request for jurisdiction of total habeas appeal and motion to notice court of habeas consolidation proposal; denying motion to effect mandatory prison release and the motion to expedite. USCA #94-5034 (mbd) Modified on 09/20/1994 (Entered: 09/09/1994) |
| 11/02/1994 | | ORIGINAL FILE and certified copy of docket entries and Order transmitted to Clerk of USDC for West. Dist. of Arkansas pursuant to order dated 8/30/94 (ted) (Entered: 11/02/1994) |
| 11/14/1994 | | RECEIPT and acknowledgment of transfer documents by USDC for Western District of Arkansas at Fort Smith on 11/9/94. Other Court Case No.: 94-4038, (Texarkana) (lpp) (Entered: 11/15/1994) |
| 02/15/1995 | 106 | CERTIFIED COPY of Order filed in USCA dated 2/14/95, dismissing |

| | | petition for writ of mandamus . USCA # 94-5347 (mbd) (Entered: 02/16/1995) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/20/2006 17:36:08 | | |
| **PACER Login:** us0850 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:92-cv-02418-NHJ |
| **Billable Pages:** 8 | **Cost:** | 0.64 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS, et al.,

        Plaintiffs,

        v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Civil Action No. 92-2418 (NHJ)

FILED

JAN 1 1 1994

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## MEMORANDUM OPINION

Presently before the Court is the federal defendants' motion to dismiss or, alternatively, for summary judgment. Upon careful consideration of the entire record herein, the Court grants the federal defendants' motion in part and transfers the remaining claims to the Western District of Arkansas.

### Background

Pro se plaintiffs in this action seek damages for the federal defendants' actions allegedly in violation of both Farmers Home Administration (FmHA) policies and the Consolidated Farm and Rural Development Act (CFRDA). Plaintiffs allege that employees of the United States Attorney's Office for the Western District of Arkansas and other government officials tortiously misused civil and criminal legal proceedings. Plaintiffs prosecute claims against United States and its employees in their individual and official capacities. The complaint also names individual defendants who are allegedly in wrongful possession of plaintiffs' property. The government defendants raise substantive and

(N)

90

procedural objections to the lawsuit while the nongovernment defendants, apparently proceeding pro se, state general opposition to the merits and to suit in a foreign jurisdiction.

### Discussion

### 1.  Tort Claims Against Individual Federal Defendants

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., provides a remedy for common law torts committed by United States Government employees.  Congress has mandated substitution of the United States as the sole and exclusive defendant in such cases "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679(d)(1); see also 28 U.S.C. § 2679(b)(1).

Pursuant to the authority delegated by 28 CFR § 15.3 and by the U.S. Attorney's further delegation on February 3, 1989, the required certification was made by John D. Bates, Civil Division Chief of the United States Attorney's Office for the District of Columbia, on April 23, 1993.  Plaintiffs challenge the certification by broadly referring to the affidavits and the "Chase Letter" attached to their opposition to defendant's motion to dismiss.  See Pl.'s Oppn. Mot. Dis. ¶ XV.  The affidavits and letter, if true, point to troubling conduct on the part of several named defendants, but they do not negate John Bates's certification that the federal defendants acted within the scope of their authority as government employees.  Substitution must be effected under the statute.  See 28 U.S.C. § 2679(d)(1).

2

With two exceptions, the FTCA is the exclusive damage remedy for torts committed by federal government employees in the scope of their employment.  Aside from those exceptions, the government employees have "absolute immunity."  United States v. Smith, 111 S. Ct. 1180, 1183 (1991).  The two exceptions are (1) Bivens actions and (2) actions under a federal statute that authorizes recovery against government employees.  See 28 U.S.C. § 2679(b)(2); Smith, 111 S. Ct. at 1185.  No allegations of specific statutory remedies have been made in this case; the second exception is thus inapposite.  To the extent that the claim seeks damages in tort against the individual government defendants for nonconstitutional torts, i.e., malicious prosecution, the government defendants are immune, and the claims must be dismissed.[1]  The sole remaining defendant for such violations is the United States.

## 2.  Bivens and other Constitutional Claims

The complaint also seeks damages for constitutional wrongs committed by the government defendants.  Plaintiffs' official capacity damage claims are barred by sovereign immunity and will be dismissed. See Clark v. Library of Congress, 750 F.2d 89, 102-04 (1989).  Individual capacity suits for constitutional torts are proper under Bivens, 403 U.S. 388, and its progeny.

Plaintiffs in this case have made no specific allegations in

---

[1]    Although the alleged common law torts may be excepted from the FTCA, see 28 U.S.C. § 2680(h), the Supreme Court has held that Congress has nonetheless made the government employees immune. See Smith, 111 S. Ct. at 1185.

their complaint against defendants Edward Madigan,[2] Laverne Ausman, and William Barr.[3]  There is no respondeat superior liability under Bivens, see Monell v. Department of Soc: Svcs., 436 U.S. 658, 691 (1978), and claims against such defendants can be properly dismissed for failure to state a claim without reference to this Circuit's "heightened pleading standard."  See, e.g., Cameron v. Thornburgh, 983 F.2d 253, 257-58 (D.C. Cir. 1993).  The court hereby dismisses Bivens claims against these defendants.

Defendant Pamela Dillon is merely alleged to have dismissed plaintiffs' administrative appeal because their case had been referred to the United States Attorney's Office.  Based on the allegations, she is entitled to absolute immunity.  See Butz v. Economou, 438 U.S. 478, 514 (1978) ("We therefore hold that persons . . . performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts.").  The Bivens claim against Dillon must also be dismissed.[4]

----

[2]    Perhaps to demonstrate administrative exhaustion under the FTCA, plaintiffs allege they sent Madigan a tort claim on October 2, 1992.  Pls.' Oppn. Mot. Dis. ¶ X.  Plaintiffs cannot thereby be implying that Madigan committed a constitutional tort, especially given the lack of respondeat superior liability under Bivens.

[3]    Plaintiffs allege to have sent Richard Thornburgh letters advising him of "improprieties" in the U.S. Attorney's Office for the Western District of Arkansas, but there is no allegation against Barr.  This showing is insufficient to state a claim.

[4]    Cameron also confirms the Court's decision to dismiss certain defendants despite the subsequent determination that venue is improper and personal jurisdiction improbable in this case.  See 983 F.2d at 257-58 n.5.  This jurisdiction is obligated to "guard against the danger that a plaintiff might manufacture venue in the District of Columbia."  Id. at 256.

4

**3.  Personal Jurisdiction and Venue**

With respect to the remaining _Bivens_ claims, it appears that the Court lacks personal jurisdiction over the remaining Arkansas defendants.  District of Columbia law governs the determination. See _Reuber v. United States_, 750 F.2d 1039, 1049 (D.C. Cir. 1984). Under the standards set by the District of Columbia long-arm statute, see D.C. Code §§ 13-423(a)(3) & (4), there appears to be no basis for personal jurisdiction.  There are no allegations of injury within the District of Columbia.

Venue also appears improper in this jurisdiction under the potentially applicable venue statutes.  See 28 U.S.C. §§ 1391(b), (e).  Plaintiffs argue section 1391(b)(3) provides venue in this jurisdiction because there is "no district in which the action may otherwise be brought."  _Id._  They allege bias in the Western District of Arkansas, and the Court has reviewed these allegations. In response to the Court's show cause order of December 16, 1993, plaintiffs have repeated the allegations of "extreme bias."

Defendants who plaintiffs allege to reside in the District of Columbia have been dismissed; plaintiffs do not claim any of the remaining defendants "may be found" in this jurisdiction.  _Id._ Venue does not appear to lie under 1391(b)(3) even if the allegations of bias are true.  Moreover, these allegations are insufficient to preclude venue in the Western District of Arkansas and, thus, cannot create 1391(b)(3) venue in this jurisdiction.

Venue also is improper under the FTCA because (1) the plaintiffs do not reside here and (2) the tortious acts or

5

omissions are not alleged to have occurred in this district. **See** 28 U.S.C. § 1402(b). The remaining FTCA claim against the United States may not go forth in this district.

Despite plaintiffs' objections, the Court will transfer the remaining claims -- including the pendent state claims -- to the Western District of Arkansas. **See** 28 U.S.C. § 1406(a). The other alternative is dismissal, which the Court determines is not in the interests of justice in this case.

## Conclusion

Pursuant to an effective substitution, the United States is the sole remaining defendant under the FTCA. Tort claims against the individual government defendants must be dismissed. Personal jurisdiction appears improper over the Arkansas defendants in this case, and plaintiffs have failed to state claims against the defendants alleged to reside within the District of Columbia. Individual claims against these defendants are dismissed. The remaining claims will be transferred to the Western District of Arkansas. An accompanying Order will issue today.

NORMA HOLLOWAY JOHNSON
UNITED STATES DISTRICT JUDGE

Dated: January _10_, 1994

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS, et al.,

      Plaintiffs,

      v.

UNITED STATES OF AMERICA, et al.,

      Defendants.

Civil Action No. 92-2418 (NHJ)

**FILED**

JAN 1 1 1994

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

### O R D E R

Presently before the Court is the federal defendants' motion to dismiss or, alternatively, for summary judgment. Upon careful consideration of the entire record herein, and for reasons set forth in the Memorandum Opinion issued on this date, it is this _10th_ day of January, 1994,

ORDERED that the United States be, and hereby is, substituted as the exclusive defendant in all claims under the Federal Tort Claims Act; it is further

ORDERED that all Federal Tort Claims Act claims against individual government employees be, and hereby are, dismissed; it is further

ORDERED that all <u>Bivens</u> claims against the government employee defendants in their official capacities be, and hereby are, dismissed for lack of subject matter jurisdiction; it is further

91

ORDERED that <u>Bivens</u> claims against the defendants Edward Madigan, Laverne Ausman, William Barr, and Pamela Dillon be, and hereby are dismissed for failure to state a claim; it is further

ORDERED that all remaining claims be, and hereby are, transferred to the Western District of Arkansas.

NORMA HOLLOWAY JOHNSON
UNITED STATES DISTRICT JUDGE

2

# Westlaw.

Not Reported in F.3d

Not Reported in F.3d, 1994 WL 405916 (D.C.Cir.)

**(Cite as: 1994 WL 405916 (D.C.Cir.))**

**H**
Only the Westlaw citation is currently available.

United States Court of Appeals, District of
Columbia Circuit.
**Larry R. WILLIAMS; Karen A. Williams,**
Appellants,
v.
UNITED STATES of America, et al.
**Larry R. WILLIAMS, Appellant,**
v.
UNITED STATES of America.
**Nos. 94-5034, 94-5113.**

June 6, 1994.

Before: HARRY T. EDWARDS, STEPHEN F.
WILLIAMS and SENTELLE, Circuit Judges.

*ORDER*

PER CURIAM.

**\*1** Upon consideration of appellees' motion to
dismiss and for summary affirmance, the response
thereto and the reply; appellants' motion to strike
reply and the response thereto; the motion for
appointment of counsel; appellant Larry Williams'
"request for mandamus of immediate release and
jurisdiction of total habeas appeal"; the "motion to
notice court of habeas consolidation proposal"; and
"motion to effect prison to mandatory release" and
"expedited joint motion to effect mandatory release
of prisoner"; it is

ORDERED that the motion for appointment of
counsel be denied. Except in defending against a
criminal charge and on direct appeal from a
judgment of conviction, appointment of counsel is
unwarranted when the movant has not demonstrated
sufficient likelihood of success on the merits. *See
D.C. Circuit Handbook of Practice and Internal*

*Procedures* 51 (1994). It is

FURTHER ORDERED that the motion to strike
reply be denied. It is

FURTHER ORDERED that the motion to dismiss
and for summary affirmance be granted in part.
The district court properly dismissed federal
defendants William Barr, Edward Madigan,
Laverne Ausman, and Paula Dillon. The merits of
the parties' positions are so clear as to warrant
summary action. *See Taxpayers Watchdog, Inc. v.
Stanley,* 819 F.2d 294, 297 (D.C.Cir.1987) (per
curiam); *Walker v. Washington,* 627 F.2d 541, 545
(D.C.Cir.) (per curiam), *cert. denied,* 449 U.S. 994
(1980). It is

FURTHER ORDERED that the notice of appeal be
construed as including a petition for writ of
mandamus as to that portion of the district court
order transferring appellants' remaining claims.
*See D.C. Circuit Handbook of Practice and
Internal Procedures* 34-35 (1994). It is

FURTHER ORDERED that appellants' petition for
a writ of mandamus be denied. Mandamus is an
extraordinary remedy and will be granted only
where essential to the interests of justice. *See
Starnes v. McGuire,* 512 F.2d 918, 929
(D.C.Cir.1974) (in banc). The writ will issue to
block a transfer only if the district court abused its
discretion. *Id.* The district court did not abuse its
discretion in transferring the remaining claims to the
United States District Court for the Western District
of Arkansas. It is

FURTHER ORDERED that the request for
jurisdiction of total habeas appeal and motion to
notice court of habeas consolidation proposal be
denied. It is

FURTHER ORDERED that the motion to effect
mandatory prison release and the motion to expedite

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.3d                                                    Page 2

Not Reported in F.3d, 1994 WL 405916 (D.C.Cir.)

**(Cite as: 1994 WL 405916 (D.C.Cir.))**

this request be denied. Appellant Larry Williams must pursue this claim in the jurisdiction in which he is incarcerated. *See Chatman-Bey v. Thornburgh,* 864 F.2d 804, 810-11 (D.C.Cir.1988) (in banc).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.

Not Reported in F.3d, 1994 WL 405916 (D.C.Cir.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.3d                                                                    Page 1

Not Reported in F.3d, 1995 WL 66642 (D.C.Cir.)

**(Cite as: 1995 WL 66642 (D.C.Cir.))**


Only the Westlaw citation is currently available.


United States Court of Appeals, District of
Columbia Circuit.
In re: **Larry R. WILLIAMS**;
In re: **Karen A. Williams**, Appellants.
**No. 94-5347.**

Feb. 14, 1995.

Before:    HENDERSON,    RANDOLPH,    and
ROGERS, Circuit Judges.

*ORDER*

PER CURIAM.

*1 Upon consideration of the petition for writ of
mandamus and it appearing that the petition
directed to the United States Supreme Court was
inadvertently filed in this court, it is

ORDERED that the petition for writ of mandamus
be dismissed.

Not Reported in F.3d, 1995 WL 66642 (D.C.Cir.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.