<u>Larry Williams</u> v. <u>United States</u>,
Civil Action No. 05-1880 RWR.

Exhibit 5
(excerpts regarding Civil Action No. 98-736 GK (D.D.C.))

CLOSED, JURY, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:98-cv-00736-GK

WILLIAMS, et al v. USA

Assigned to: Judge Gladys Kessler

Demand: $0

Cause: 28:1346 Tort Claim

Date Filed: 03/23/1998

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**LARRY R. WILLIAMS**

represented by **Elaine J. Mittleman**
LAW OFFICE OF ELAINE J.
MITTLEMAN
2040 Arch Drive
Falls Church, VA 22043
(703) 734-0482
Fax: (703) 734-0482
Email: elainemittleman@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William R. Scanlin**
4405 East West Highway
Suite 603
Bethesda, MD 20814
(301) 951-0570
Fax: (301) 951-7230
Email: wscanlin@toadmail.com
*TERMINATED: 12/14/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KAREN A. WILLIAMS**

represented by **Elaine J. Mittleman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William R. Scanlin**
(See above for address)
*TERMINATED: 12/14/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES OF AMERICA**     represented by  **Rudolph Contreras**
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-814
Washington, DC 20530
(202) 307-0258
Fax: 202-305-0955
Email: rudolph.contreras@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/1998 | 1 | COMPLAINT filed by plaintiff LARRY R. WILLIAMS -, plaintiff KAREN A. WILLIAMS; exhibits (8); jury demand (tth) Modified on 03/24/1998 (Entered: 03/24/1998) |
| 03/23/1998 |  | SUMMONS (2) issued to federal party(s) federal defendant USA, and non-party: U.S. Attorney General. (tth) (Entered: 03/24/1998) |
| 04/02/1998 | 2 | MOTION filed by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to proceed in forma pauperis , and for appointment of counsel ; Exhibits (3) (tth) (Entered: 04/03/1998) |
| 04/13/1998 | 3 | RETURN OF SERVICE/AFFIDAVIT of summons and complaint executed upon U.S. Attorney General on 4/8/98 (tth) (Entered: 04/14/1998) |
| 04/14/1998 | 4 | SUPPLEMENTAL MEMORANDUM by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to motion to proceed in forma pauperis [2-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS, motion for appointment of counsel [2-2] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; Exhibit (1) (tth) Modified on 04/15/1998 (Entered: 04/15/1998) |
| 04/30/1998 | 5 | RETURN OF SERVICE/AFFIDAVIT of summons and complaint executed upon U.S. Attorney General on 4/13/98 (tth) (Entered: 05/01/1998) |
| 04/30/1998 | 6 | RETURN OF SERVICE/AFFIDAVIT of summons and complaint executed upon U.S. Attorney on 4/10/98 (tth) (Entered: 05/01/1998) |
| 05/06/1998 | 7 | ORDER by Judge Gladys Kessler: denying motion for appointment of counsel [2-2] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (kmk) (Entered: 05/07/1998) |
| 05/08/1998 | 8 | RETURN OF SERVICE/AFFIDAVIT of summons and complaint executed upon U.S. Attorney on 4/30/98; Return Receipt Card attached. (tth) (Entered: 05/11/1998) |

| 06/09/1998 | 9 | MOTION filed by federal defendant USA to extend time to 6/23/98 to answer complaint [1-1] (ks) (Entered: 06/10/1998) |
|---|---|---|
| 06/18/1998 | 10 | ORDER by Judge Gladys Kessler : granting motion to extend time to 6/23/98 to answer complaint [1-1] [9-1] by USA ; Answer extended to 6/23/98 for USA (N) (pob) (Entered: 06/18/1998) |
| 06/23/1998 | 11 | MOTION filed by federal defendant USA to extend time to 6/30/98 to answer complaint [1-1] (tth) (Entered: 06/24/1998) |
| 06/24/1998 | 12 | ORDER by Judge Gladys Kessler : granting motion to extend time to 6/30/98 to answer complaint [1-1] [11-1] by USA ; Answer extended to 6/30/98 for USA (N) (pob) (Entered: 06/25/1998) |
| 06/30/1998 | 13 | MOTION filed by federal defendant USA to extend time to 07/01/98 to answer complaint [1-1] (tb) (Entered: 07/01/1998) |
| 07/01/1998 | 14 | MOTION filed by federal defendant USA to dismiss complaint [1-1] (tb) (Entered: 07/02/1998) |
| 07/06/1998 | 15 | ORDER (NPT) by Judge Gladys Kessler : granting motion to extend time to 07/01/98 to answer complaint [1-1] [13-1] by USA; Answer extended to 7/1/98 for USA (N) (pob) (Entered: 07/06/1998) |
| 07/15/1998 | 16 | MOTION filed by plaintiffs LARRY R. WILLIAMS, KAREN A. WILLIAMS to extend time to 8/14/98 to respond to defendant's motion to dismiss (tb) (Entered: 07/16/1998) |
| 07/16/1998 | 17 | ORDER by Judge Gladys Kessler : granting motion to extend time to 8/14/98 to respond to defendant's motion to dismiss [16-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; nunc pro tunc the plaintiffs shall have up to and including 8/14/98, within which to respond to defendant's motion to dismiss. (N) (blj) (Entered: 07/17/1998) |
| 08/13/1998 | 18 | RESPONSE by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS in opposition to motion to dismiss complaint [1-1] [14-1] by USA . (lkn) (Entered: 08/14/1998) |
| 08/18/1998 | 19 | INITIAL SCHEDULING ORDER by Judge Gladys Kessler status hearing set for 9:45 9/24/98 (N) (pob) (Entered: 08/18/1998) |
| 08/21/1998 | 20 | MOTION (UNOPPOSED) filed by federal defendant USA to extend time to 8/31/98 to file a reply to plaintiffs' opposition to motion to dismiss (JMF) (Entered: 08/24/1998) |
| 08/24/1998 | 21 | ORDER by Judge Gladys Kessler: granting motion to extend time to 8/31/98 to file a reply to plaintiffs' opposition to motion to dismiss [20-1] by USA (N) (gdf) (Entered: 08/27/1998) |
| 08/31/1998 | 22 | MOTION (UNOPPOSED) filed by federal defendant USA to extend time to 9/1/98 within which to reply to plaintiffs' opposition. (tw) (Entered: 09/01/1998) |
| 09/01/1998 | 23 | REPLY by federal defendant USA to motion to dismiss complaint [1-1] [14-1] by USA; exhibits (5) (tb) (Entered: 09/02/1998) |

District of Columbia live database - Docket Report
Case 1:05-cv-01880-TFH    Document 6-6    Filed 03/22/2006    Page 5 of 27
Page 4 of 7

| 09/01/1998 | 24 | ORDER by Judge Gladys Kessler : granting motion to extend time to 9/1/98 within which to reply to plaintiffs' opposition. [22-1] by USA reply to dispositive motions due by 9/1/98 ; (N) (blj) (Entered: 09/02/1998) |
| 09/17/1998 | 25 | MEET AND CONFER STATEMENT/REPORT PURSUANT TO L.R. 206(d) filed by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS, federal defendant USA . (tb) (Entered: 09/18/1998) |
| 09/24/1998 | | STATUS HEARING before Judge Gladys Kessler : oral motion by William Scanlon to admit Mr. Bridgeford pro hac vice for this proceeding heard and granted; Case assigned to the Complex track (track three); plaintiff to file interrogatories by 11/12/98; response due 1/4/99. Reporter: Susan Tyner (pob) (Entered: 09/24/1998) |
| 09/24/1998 | 26 | SCHEDULING ORDER by Judge Gladys Kessler directing that plaintiff's interrogatories be filed by 11/12/98; response due 1/4/99. (N) (pob) (Entered: 09/24/1998) |
| 11/19/1998 | 27 | MOTION (RENEWED) filed by federal defendant USA to stay discovery (tb) (Entered: 11/20/1998) |
| 11/20/1998 | 28 | ERRATA RE: exhibit 1 omitted from defendant's renewed motion for stay of discovery filed on 11/19/98 by federal defendant USA; exhibit (1) (tb) (Entered: 11/23/1998) |
| 11/27/1998 | 29 | RESPONSE by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to motion to stay discovery [27-1] by USA (st) (Entered: 11/30/1998) |
| 11/30/1998 | 30 | REPLY by federal defendant USA to motion to stay discovery [27-1] by USA (tb) (Entered: 12/01/1998) |
| 12/11/1998 | 31 | ORDER by Judge Gladys Kessler: denying motion to stay discovery [27-1] by USA (N) (pob) (Entered: 12/11/1998) |
| 12/16/1998 | 32 | MOTION filed by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS for William M. Bridgforth to appear pro hac vice ( RAMSAY, BRIDGFORTH, HARRELSON & STARLING, 11th Floor Simmons First National Building, 501 Main Street, P.O. Box 8509, Pine Bluff, AR 71611 ) (tb) (Entered: 12/17/1998) |
| 12/17/1998 | 34 | MOTION (UNOPPOSED) filed by federal defendant USA to extend time to 1/29/99 to respond to plaintiff's discovery (tb) (Entered: 12/18/1998) |
| 12/18/1998 | 33 | ORDER by Judge Gladys Kessler : granting motion for William M. Bridgforth to appear pro hac vice ( RAMSAY, BRIDGFORTH, HARRELSON & STARLING, 11th Floor Simmons First National Building, 501 Main Street, P.O. Box 8509, Pine Bluff, AR 71611 ) [32-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (pob) (Entered: 12/18/1998) |
| 12/21/1998 | 35 | ORDER by Judge Gladys Kessler : granting motion to extend time to 1/29/99 to respond to plaintiff's discovery [34-1] by USA (N) (pob) |

District of Columbia live database - Docket Report
Case 1:05-cv-01880-TFH    Document 6-6    Filed 03/22/2006    Page 6 of 27
Page 5 of 7

| | | |
|---|---|---|
| | | (Entered: 12/21/1998) |
| 01/29/1999 | 36 | MOTION (OPPOSED) filed by federal defendant USA to extend time to 2/8/99 to respond to plaintiff's interrogatories (tb) (Entered: 02/01/1999) |
| 02/05/1999 | 37 | ORDER by Judge Gladys Kessler: granting motion to extend time to 2/8/99 to respond to plaintiff's interrogatories [36-1] by USA (N) (kmk) (Entered: 02/07/1999) |
| 03/10/1999 | 38 | MEMORANDUM OPINION by Judge Gladys Kessler. (N) (gdf) (Entered: 03/11/1999) |
| 03/10/1999 | 39 | ORDER by Judge Gladys Kessler : granting motion to dismiss complaint [1-1] [14-1] by USA (N) (gdf) (Entered: 03/11/1999) |
| 05/05/1999 | 41 | NOTICE OF APPEAL by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS from order [39-1], entered on: 3/11/99. $5.00 filing fee paid and $100.00 docketing fee paid. Copies mailed to: Rudolph Contreras, William Scanlin, Karen Williams and Larry Williams. (tth) (Entered: 05/12/1999) |
| 05/12/1999 | 40 | ORDER by Judge Gladys Kessler: denying motion to proceed in forma pauperis [2-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (pob) (Entered: 05/12/1999) |
| 05/12/1999 | | TRANSMITTED PRELIMINARY RECORD on appeal [41-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS to U.S. Court of Appeals (tth) (Entered: 05/12/1999) |
| 05/14/1999 | | USCA # 99-5141 assigned for appeal [41-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (st) (Entered: 05/17/1999) |
| 07/12/1999 | 42 | TRANSCRIPT filed for date(s) of September 24, 1999. Reporter: Susan Page Tyner (tw) (Entered: 07/13/1999) |
| 11/22/1999 | 43 | CERTIFIED COPY of order filed in USCA dated 9/27/99, on appeal [41-1] , affirming the judgment of USDC . USCA # 99-5141 (cjp) (Entered: 11/23/1999) |
| 03/09/2000 | 44 | MOTION filed by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS for relief from from judgment ; exhibits (2) (tb) (Entered: 03/11/2000) |
| 03/21/2000 | 45 | RESPONSE by federal defendant USA in opposition to motion for relief from from judgment [44-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS . (tb) (Entered: 03/22/2000) |
| 03/31/2000 | 46 | REPLY by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to motion for relief from from judgment [44-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; exhibits (11) (tb) (Entered: 04/03/2000) |
| 04/12/2000 | 47 | SURREPLY by federal defendant USA to motion for relief from from judgment [44-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; "Let this be filed" J KESSLER (tb) (Entered: 04/19/2000) |

| 05/26/2000 | 48 | ORDER by Judge Gladys Kessler : denying motion for relief from from judgment [44-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (adc) (Entered: 05/26/2000) |
| 06/08/2000 | 49 | MOTION filed by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to alter or amend judgment (dam) (Entered: 06/09/2000) |
| 06/22/2000 | 50 | RESPONSE by federal defendant USA in opposition to motion to alter or amend judgment [49-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS . (dam) (Entered: 06/23/2000) |
| 07/03/2000 | 51 | REPLY by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to motion to alter or amend judgment [49-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (tb) (Entered: 07/05/2000) |
| 10/26/2000 | 52 | MEMORANDUM OPINION by Judge Gladys Kessler (N) (pob) (Entered: 10/26/2000) |
| 10/26/2000 | 53 | ORDER by Judge Gladys Kessler: denying motion to alter or amend judgment [49-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (N) (pob) (Entered: 10/26/2000) |
| 11/09/2000 | 54 | MOTION filed by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to alter judgment , or to amend judgment ; exhibits (4) (cdw) (Entered: 11/15/2000) |
| 11/22/2000 | 55 | RESPONSE by federal defendant USA in opposition to motion to alter judgment [54-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS, motion to amend judgment [54-2] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; exhibits (2) (cdw) (Entered: 11/24/2000) |
| 12/05/2000 | 56 | MOTION filed by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to extend time to 12/18/00 to reply to defendant's opposition to plaintiff's motion to alter judgment (cdw) Modified on 12/08/2000 (Entered: 12/06/2000) |
| 12/07/2000 | 57 | ORDER by Judge Gladys Kessler: granting motion to extend time to 12/18/00 to reply to defendant's opposition [56-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS reply to dispositive motions due by 12/18/00 ; (N) (pob) (Entered: 12/08/2000) |
| 12/14/2000 | 58 | SUBSTITUTION OF COUNSEL for plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS , substituting Elaine Joan Mittleman for attorney William Ray Scanlin for KAREN A. WILLIAMS, attorney William Ray Scanlin for LARRY R. WILLIAMS (tb) (Entered: 12/15/2000) |
| 12/18/2000 | 59 | REPLY by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS to response in opposition to motion to alter judgment [54-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS, motion to amend judgment [54-2] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; exhibits (9) (cdw) (Entered: 12/20/2000) |
| 05/21/2001 | 60 | MEMORANDUM AND ORDER by Judge Gladys Kessler : denying |

| | | |
|---|---|---|
| | | motion to alter judgment [54-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS, denying motion to amend judgment [54-2] by KAREN A. WILLIAMS, LARRY R. WILLIAMS; that plaintiffs shall not file any subsequent documents in this case without written leave of Court, if plaintiffs violate this Order, they shall be subject to sanctions. (N) (pob) (Entered: 05/21/2001) |
| 07/19/2001 | 61 | NOTICE OF APPEAL by plaintiff LARRY R. WILLIAMS, plaintiff KAREN A. WILLIAMS from order [60-1], order [53-1], order [48-1] , entered on: 5/21/01, 5/26/00 & 10/26/00; $105.00 filing fee paid; Copies mailed to plaintiff and defendant (cjp) (Entered: 07/20/2001) |
| 07/20/2001 | | TRANSMITTED PRELIMINARY RECORD on appeal [61-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS to U.S. Court of Appeals (cjp) (Entered: 07/20/2001) |
| 07/30/2001 | | USCA # 01-5255 assigned for appeal [61-1] by KAREN A. WILLIAMS, LARRY R. WILLIAMS (cjp) (Entered: 07/30/2001) |
| 05/22/2002 | 62 | CERTIFIED COPY of order filed in USCA dated 2/21/2, on appeal [61-1] , affirming the judgment of USDC . USCA # 01-5255 (cjp) (Entered: 06/11/2002) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/21/2006 14:05:52 | | |
| PACER Login: | us0850 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:98-cv-00736-GK |
| Billable Pages: | 4 | Cost: | 0.32 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS, <u>et al.</u>,       :
                                        :
            Plaintiffs,                 :
                                        :
      v.                                :       Civil Action No. 98-0736 (GK)
                                        :
UNITED STATES OF AMERICA,               :       **FILED**
                                        :
            Defendant.                  :       OCT 2 6 2000
                                        :
――――――――――――――――――――――
                                                NANCY MAYER WHITTINGTON, CLERK
                                                U.S. DISTRICT COURT

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Motion to Alter or Amend Judgment [#49], pursuant to Fed. R. Civ. P. 59(e). Upon consideration of Plaintiffs' Motion, Defendant's Opposition, Plaintiffs' Reply, and the entire record herein, for the reasons stated below, Plaintiffs' Motion to Alter or Amend Judgment is **denied**.

## I.    Factual Background[1]

Plaintiffs, Larry and Karen Williams, operated a farm in Arkansas. In the 1980s, they fell behind in their loan payments to the Farmers Home Administration and the government foreclosed on their farm. Plaintiffs have brought numerous actions against the government based on the handling of their loans. Thus far, they have lost all of these cases.

――――――――――――――――

[1] These facts are taken from this Court's Memorandum Opinion of March 10, 1999.

1

Plaintiffs brought the present case pursuant to the Federal Tort Claims Act. On March 10, 1999, this Court granted Defendant's Motion to Dismiss Plaintiffs' claims. Plaintiffs appealed the decision, which was affirmed by the D.C. Circuit Court of Appeals in Williams v. United States, No. 99-5141, 1999 WL 825510 (D.C. Cir. Sept. 27, 1999). Subsequently, Plaintiffs filed a Fed. R. Civ. P. 60(b) Motion for Relief from Judgment, which this Court denied on May 26, 2000. On June 8, 2000, Plaintiffs filed this Rule 59(e) Motion to Alter or Amend the May 26 decision. Defendant filed an Opposition on June 22, 2000, and Plaintiffs filed a Reply on July 3, 2000.

## II.  Standard of Review

Fed. R. Civ. P. 59(e) allows parties to file a motion to "alter or amend a judgment." A Rule 59(e) motion "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)(internal quotations omitted); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (1995). A Rule 59(e) motion "should not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in the original pleadings." Consolidated Edison Co. v. O'Leary, 184 F.R.D. 1, 2 (D.D.C. 1998);

2

see also Harris v. Howard Univ., Inc., 48 F. Supp.2d 43, 44 (D.D.C.
1999)("Rule 59(e) motions are generally not to be used to reargue
facts and theories on which the court has already ruled.").  Rule
59(e) motions should be granted "sparingly" as they are an
"extraordinary remedy."  Sussman v. Salem, Saxon & Nielson, P.A.,
153 F.R.D. 689, 694 (M.D. Fla. 1994); see also Wright, Miller &
Kane § 2810.1.  The new facts or error of law must "compel" a
change in the court's ruling in order for the motion to be granted.
See Consolidated Edison, 184 F.R.D. at 2.

## III. Analysis

In the motion before the Court, Plaintiffs ask for review of
the denial of their previous Rule 60(b) Motion for Relief from
Judgment.  In their motion, Plaintiffs do not present any new
evidence or change in law to support their Rule 59(e) motion.
Therefore, their motion must be based on the "need to correct a
clear error or prevent manifest injustice."  Firestone, 76 F.3d at
1208.

Plaintiffs base their argument on four alleged errors.  First,
they argue that the Court erred in not applying 28 U.S.C. §
2679(d)(5)[2] in its decision of March 9, 1999, and therefore the
Court's denial of Plaintiffs' Rule 60(b) motion was an abuse of

---

[2] Section 2679(d)(5) provides that when the United States is
substituted as defendant in a case, and the original action is
dismissed due to a failure "to present a claim pursuant to section
2675(a) of this title," the claim will be considered timely if the
original action would have been so considered.

3

discretion.  Second, Plaintiffs argue that the order denying their Rule 60(b) motion is invalid because it failed to address the arguments they made in their motion.  Third, Plaintiffs argue that the denial of the Rule 60(b) motion violated the Fed. R. Civ. P. 58 requirement that each order be on a separate document.  Finally, Plaintiffs argue that Defendant was incorrect when it stated that the Supreme Court decision in Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995), was irrelevant to the present case.

### 1.    Alleged error in application of 28 U.S.C. § 2679(d)(5)

Plaintiffs argue that this Court erred in not applying 28 U.S.C. § 2679(d)(5) in its decision of March 9, 1999, and therefore the denial of Plaintiffs' Rule 60(b) motion was an abuse of discretion because it upheld that decision.  While reliance on a "wrong legal standard" is an abuse of discretion, see Linder v. Department of Defense, 133 F.3d 17, 24 (D.C. Cir 1998), there has been no abuse of discretion in this case because Plaintiffs have not demonstrated that the Court's application of 28 U.S.C. § 2679(d)(5) was incorrect.  In fact, not only have Plaintiffs failed to explain how the Court's decision was "clear error," Firestone, 76 F.3d at 1208, but the decision was affirmed by the Court of Appeals for the D.C. Circuit, whose decisions are binding on this Court.  Therefore, this Court could not have abused its discretion in denying Plaintiff's Rule 60(b) Motion.

4

Furthermore, the applicability of 28 U.S.C. § 2679(d)(5) was fully addressed in the original March 10, 1999, opinion of this Court. In that opinion, the Court found that § 2679(d)(5) was not applicable because the United States was an original, not substituted, defendant in Plaintiffs' original case. Plaintiffs are merely re-arguing this issue, on which the Court has already ruled. This is not permitted in a Rule 59(e) motion absent new facts or a change in law. See Consolidated Edison, 184 F.R.D. at 2; Harris, 48 F. Supp.2d at 44. Plaintiffs are not entitled to reconsideration simply because they disagree with the Court's ruling. Therefore, because there is no error of law demonstrated, and Plaintiffs are simply rearguing issues on which the Court has already ruled, the Court finds against Plaintiffs on this matter.

2. **Alleged failure to address Plaintiff's arguments in Rule 60(b) Order**

Plaintiffs also argue that the Order denying their Rule 60(b) motion is invalid because it does not address Plaintiffs' arguments. Plaintiffs correctly point out that the Court's May 26 Decision simply states that it is based on Plaintiff's Motion, Defendant's Opposition, the opinion of the Court of Appeals, and the entire record of the case. They further point out that there is no discussion of Mittleman v. United States, 104 F.3d 410 (D.C. Cir. 1997) in the Court's Order. However, Plaintiffs do not demonstrate how these points render the Order invalid.

5

Plaintiffs cite <u>United States v. Haynes</u>, 158 F.3d 1327, 1331 (D.C. Cir. 1998) in support of their argument.[3]  However, <u>Haynes</u> does not support the proposition that an absence of a detailed analysis of the issues in a court's Rule 60(b) decision invalidates the decision.  In the section of <u>Haynes</u> quoted by Plaintiffs, the court simply held that when it had already been determined that the lower court had made an error of law in a Rule 60(b) decision, the appeals court must then remand to the lower court and not decide the motion itself.  <u>See id.</u>  The reason for this holding is that the appeals court must permit the lower court to exercise its discretion if it chooses, except in the unusual situation in which any alternative decision would be an abuse of discretion.  <u>See id.</u>  This argument is clearly inapplicable to the present case because there has been no finding that this Court made an error of law.  Indeed, the Court of Appeals affirmed this Court's decision granting Defendant's Motion to Dismiss.  Therefore, this claim fails because Plaintiffs have not shown that the Court made a "clear error," <u>Firestone</u>, 76 F.3d at 1208, by not including a detailed analysis of the issues in the order denying Plaintiffs' Rule 60(b) motion.

---

[3] Plaintiffs quote the following section: "A district court's decision to deny a Rule 60(b) motion is ordinarily reviewable for abuse of discretion, . . . but where the discretion has not been exercised we do not see how we can affirm the court's denial of the motion unless convinced that any alternative would have been an abuse of discretion." <u>Haynes</u>, 158 F.3d at 1331 (citation omitted).

6

### 3. Alleged violation of Rule 58 separate document requirement in Rule 60(b) Order

Plaintiffs briefly argue that the Order denying Plaintiffs' Rule 60(b) Motion may have violated the Rule 58 requirement that each order be on a separate document. Plaintiffs have not demonstrated how the Rule 60(b) Order in this case violated this requirement. See Haynes, 158 F.3d at 1329. In Haynes the D.C. Circuit Court of Appeals held that Rule 58 was violated by a three-page "Memorandum Opinion & Order" that included "an extensive recitation of the procedural history of th[e] case, a related bankruptcy case, as well as the district court's reasoning in denying the motion, including citation to cases and statutes." Id. at 1331. This obviously differs from the present case, in which the Rule 60(b) Order was a one paragraph document that did not discuss the procedural history of the case or the Court's reasoning, and did not contain any citations. Furthermore, the Haynes court states that the "sole purpose" of the Rule 58 separate document requirement is to clarify when the time for an appeal begins to run. Id. at 1329. Plaintiffs do not argue that they failed to understand that this Court's May 26 Order denied their motion, nor do they argue they were prejudiced by the Order's format in any way. Therefore, because Plaintiffs have not shown how the order denying Plaintiffs' Rule 60(b) Motion violated the Rule 58 separate document requirement, this argument by Plaintiffs fails.

7

**4.  Alleged Error by Defendants in Their Statement That Lamagno is Irrelevant to the Present Case**

Finally, Plaintiffs allege that in Defendant's Response to Plaintiffs' Reply, Defendant erred in arguing that <u>Gutierrez de Martinez v. Lamagno</u>, 515 U.S. 417 (1995) was irrelevant to the present case.   However, Plaintiffs have not demonstrated how <u>Lamagno</u> does relate to the decision currently under review.   The Court of Appeals made no mention of <u>Lamagno</u>'s relevance in its opinion.   It is Plaintiff's burden to establish that a particular decision justifies reconsideration of this Court's decision.   Even if Plaintiffs' claim is true, they have not shown how the Court made any "clear error."  <u>Firestone</u>, 76 F.3d at 1208.   Therefore, the Court finds there is no merit to their claim.

**IV.  Conclusion**

For the reasons stated above, Plaintiffs' Motion to Alter or Amend Judgment [#49], filed pursuant to Fed. R. Civ. P. 59(e), is **denied.**  An order will issue with this opinion.


_Oct. 29, 2000_
Date

_Gladys Kessler_
Gladys Kessler
U.S. District Judge

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS, et al.,          :
                                    :
          Plaintiffs,               :
                                    :
     v.                             :     Civil Action No. 98-0736 (GK)
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Defendant.                :
                                    :

**FILED**

OCT 2 6 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

O R D E R

This matter comes before the Court on Plaintiffs' Motion to Alter or Amend Judgment [#49] under Fed. R. Civ. P. 59(e). Upon consideration of Plaintiffs' Motion, Defendant's Opposition, Plaintiffs' Reply, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion, it is this 25th day of October 2000, hereby

ORDERED, that Plaintiffs' Motion to Alter or Amend Judgment [#49] is **denied**.

GLADYS KESSLER
U.S. District Judge

**Copies to:**

ELAINE MITTLEMAN
2040 Arch Drive
Falls Church, VA 22043

RUDOLPH CONTRERAS
Assistant United States Attorney
555 4th Street, N.W.
Judiciary Center Building
Room 10-820
Washington, D.C.  20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS,          :
et al.,                     :
                            :
          Plaintiffs,       :
     v.                     :          Civil Action No. 98-736 (GK)
                            :
UNITED STATES OF AMERICA,   :
                            :          **FILED**
          Defendant.        :
                            :          MAY 2 1 2001
_____:
                                       NANCY MAYER WHITTINGTON, CLERK
                     **MEMORANDUM ORDER**           U.S DISTRICT COURT

     This matter comes before the Court on Plaintiffs' Motion to
Alter or Amend Judgment, filed November 9, 2000 [#54].   Upon
consideration of the Motion, Opposition, Reply and the entire
record herein, the Court concludes that Plaintiffs' Motion should
be **denied**.

     Plaintiffs Larry S. Williams and Karen A. Williams brought
suit under the Federal Tort Claims Act, 28 U.S.C. §1346(b),
alleging various torts committed by employees of the United States.
On March 10, 1999, this Court issued a 15 page memorandum opinion
and order granting Defendant's motion to dismiss, thereby
dismissing the case in its entirety.   See Memorandum Opinion,
issued March 10, 1999 [#38].   On May 5, 1999, Plaintiff filed a
notice of appeal; on November 22, 1999, the United States Court of
Appeals for the District of Columbia Circuit issued an order

1

affirming the decision this Court's March 10, 1999 decision.[1]  See Order of Court of Appeals [#43].

On March 9, 2000, Plaintiffs filed a motion for relief from the judgment entered by this Court on March 10, 1999--a full year after the opinion had been issued.  On May 26, 2000, this Court denied Plaintiff's motion.  Less than two weeks later, on June 8, 2000, Plaintiffs filed a second post-judgment motion requesting that this Court's judgment be altered or amended.  The Court denied this motion on October 26, 2000.

On November 9, 2000, Plaintiffs filed yet another motion to alter or amend judgment; this was their third post-judgment motion, this time attacking the Court's October 26, 2000 decision, which denied Plaintiffs' June 8, 2000 motion to alter or amend judgment. This November 9, 2000 Motion is the one presently before the Court.

Motions to alter or amend judgment may be granted only if the Court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted).  In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position."  National Ctr. for Mfg. Sciences v.

---

[1] The Court of Appeals granted Defendant's motion for summary affirmance on September 27, 1999, but the corresponding Order and Mandate were not issued until March 10, ~~1999~~.2000 ,

2

<u>Department of Defense</u>, 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted). A motion for reconsideration should not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs. <u>See Assassination Archives and Research Ctr. v. United States Dept. of Justice</u>, 828 F.Supp. 100, 101-102 (D.D.C.1993). "Reconsideration is not simply an opportunity to reargue facts and theories upon which a court has already ruled." <u>State of New York v. United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995).

Upon reviewing Plaintiffs' present Motion, it is clear that Plaintiffs are simply rearguing, for the third time, theories upon which the Court has already ruled and <u>repeatedly</u> rejected. Once again, Plaintiffs have failed to provide a sufficient reason why this Court's March 10, 1999 judgment, which dismissed this case in its entirety on multiple grounds, should be re-examined.

Accordingly, it is hereby

**ORDERED**, that Plaintiffs' Motion to Alter or Amend Judgment of October 26, 2000, Memorandum Opinion [#54] is **denied;** and it is further

**ORDERED,** that Plaintiffs **shall not file** <u>**any**</u> **subsequent documents in this case without written leave of Court**, and that if Plaintiffs violate this Order, they shall be subject to sanctions,

3

including the imposition of monetary fees against Plaintiffs'
counsel in her personal capacity.

**IT IS SO ORDERED.**

_May 21, 2001_
DATE

_Gladys Kessler_
GLADYS KESSLER
United States District Judge

**Copies To:**

Elaine Mittleman
2040 Arch Drive
Falls Church, VA 22043

Rudolph Contreras
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20001

4

                              FAX 202-514-8780
                              [COR LD NTC gvt]
                              Rudolph Contreras, Assistant
                              U.S. Attorney
                              202 307-0258
                              Room 10-814
                              [COR gvt]
                              U.S. Attorney's Office
                              (USA) Civil Appellate
                              555 4th Street, N.W.,
                              Washington, DC 20001
                              202-514-7159

Docket as of January 2, 2000 5:04 am              Page 2


---


99-5141  Williams, Larry R., et al v. USA

Larry R. Williams; Karen A. Williams

                Plaintiffs - Appellants

    v.

United States of America

                Defendant - Appellee

Docket as of January 2, 2000 5:04 am              Page 3


---


99-5141  Williams, Larry R., et al v. USA

5/14/99          CIVIL-US CASE docketed. Notice of Appeal filed by
                 Appellants Larry R. Williams, et al. [435717-1] (wmw)

5/14/99          CLERK'S ORDER filed directing Appellant to file [435719-1]
                 : docketing statement; certificate of counsel; statement of
                 issues; lower court decision; any procedural motions;
                 deferred appendix notice due 6/14/99 for Larry R. Williams;
                 any dispositive motions due 6/28/99 for Larry R. Williams,
                 directing Appellee to file [435719-2] : certificate of
                 counsel; any procedural motions; 6/14/99 for USA;
                 appearance form due 6/14/99 for R. Craig Lawrence; any
                 dispositive motions due 6/28/99 for USA. Failure to respond
                 shall result in dismissal of the case lack of prosecution.
                 The Clerk is directed to send a copy of this order to
                 appellant [435719-1] by certified mail, return receipt
                 requested and first class mail. (wmw)

6/9/99           INITIAL SUBMISSIONS filed by Appellants' Larry R. Williams,
                 and Karen A. Williams [441696-1]: docketing statement;
                 certificate of counsel; statement of issues; lower court
                 decision; the deferred appendix notice (Deferred Appendix
                 needed = n). (jth)

6/14/99          ENTRY OF APPEARANCE filed by Attorneys Rudolph Contreras,
                 Wilma Antoinette Lewis, R. Craig Lawrence for Appellee USA
                 [442019-1]. (jth)

6/14/99          INITIAL SUBMISSIONS filed by Appellee USA [442020-1]:
                 certificate of counsel. (jth)

6/28/99          MOTION filed (5 copies) by Appellee USA (certificate of
                 service dated 6/28/99 ) for summary affirmance [446320-1]
                 Response due on 7/12/99  . (sha)

7/9/99           OPPOSITION filed [448348-1] (5 copies) by Appellant Larry
                 R. Williams, Appellant Karen A. Williams (certificate of
                 service dated 7/7/99 ) to a motion for summary affirmance
                 [446320-1] . (sha)

7/19/99          REPLY filed [450744-1] (5 copies) by Federal Appellee USA
                 (certificate of service dated 7/19/99) to appellant's
                 response to the motion for summary affirmance [446320-1].
                 (jth)

7/29/99          SUR-REPLY lodged [452936-1] (5 copies) by Appellant Larry R.
                 Williams, Appellant Karen A. Williams (certificate of
                 service dated 7/27/99 ) to a response to the motion for
                 summary affirmance [446320-1]. [MOTION FOR LEAVE TO FILE THE
                 SURREPLY WAS DENIED ON 09/27/99. SURREPLY WAS RETURNED
                 PURSUANT TO 09/27/99 ORDER.] (lej)

Docket as of January 2, 2000 5:04 am                    Page 4

---

99-5141  Williams, Larry R., et al v. USA

7/29/99          MOTION filed (5 copies) by Appellant Larry R. Williams,
                 Appellant Karen A. Williams (certificate of service dated
                 7/27/99 ) for leave to file [452943-1] a a sur-reply
                 [452936-1]  Response due on 8/9/99  . (lej)

9/27/99          PER CURIAM ORDER filed denying the motion for leave to file
                 a surreply [452943-1], directing the Clerk to return the
                 lodged pleading [452936-1]. It is FURTHER ORDERED, that the
                 motion for summary affirmance [446320-1] be granted. The
                 Clerk is directed to withhold issuance of the mandate
                 pending disposition of any timely petition for rehearing.
                 [SEE THE ORDER FOR MORE COMPLETE DETAILS]. Before Judges:
                 Silberman, Henderson, and Tatel. [Entry Date: 9/27/99] (jth)

11/22/99         MANDATE ISSUED to Clerk, District Court [478531-1] Awaiting
                 rehearing petition cancelled.  . (edb)

Docket as of January 2, 2000 5:04 am                    Page 5

---

| PACER Service Center |
| --- |
| Transaction Receipt |

| 03/21/2006 15:16:11 | | | |
|---|---|---|---|
| PACER Login: | us0850 | Client Code: | |
| Description: | dkt report | Case Number: | 99-5141 |
| Billable Pages: | 5 | Cost: | 0.40 |

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 99-5141**                                            **September Term, 1999**

98cv00736

Larry R. Williams and Karen A. Williams,
                         Appellants

                    v.

United States of America,
                         Appellee



UNITED STATES COURT C.
FOR DISTRICT OF COLUM:
    FILED

SEP 2 7 1999

CLERK

**BEFORE:**     Silberman, Henderson, and Tatel, Circuit Judges

### O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, the reply, the motion for leave to file a surreply, and the lodged surreply, it is

**ORDERED** that the motion for leave to file a surreply be denied, because nothing precluded appellants from citing Harris v. Secretary, U.S. Department of Veterans Affairs, 126 F.3d 339 (D.C. Cir. 1997), in their opposition to the motion for summary affirmance.  The Clerk is directed to return the lodged pleading.  It is

**FURTHER ORDERED** that the motion for summary affirmance be granted.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C. Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).

Appellants have not effectively challenged the district court's holding that they did not timely exhaust their administrative remedies.  Other than the bald assertion that they timely exhausted in light of the exception contained in 28 U.S.C. § 2679(d)(5) for cases in which the United States is substituted as the defendant, they make no effort to show that the court erred in holding that § 2679(d)(5) does not govern their case because, despite a substitution, they were not mistaken about their obligation to exhaust.  Moreover, despite appellants' argument to the contrary, a defendant may raise a statute of limitations defense in a pre-answer motion to dismiss.  See Smith-Haynie v. District of Columbia, 155 F.3d 575, 577-78 (D.C. Cir. 1998).  Furthermore, while appellants suggest that their claim concerning denial of benefits under the Agricultural Farm Act of 1987 did not accrue until

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## No. 99-5141                                   September Term, 1999

they learned that benefits were available, they do not indicate in their opposition when that might have been. Finally, as for appellants' argument that the "Chase letters" constituted timely administrative claims, the letters did not contain the requisite "sum-certain damages claim," see GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987), nor could the agency have divined from the letters that appellants sought $23,140,000 in damages, including $20,000,000 for "[l]oss of income, health, reputation, emotional distress, [and] future income." Complaint at 22. Because none of appellants' arguments undermines the district court's holding, we grant the motion for summary affirmance.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

Westlaw.

Not Reported in F.3d

Not Reported in F.3d, 2002 WL 449779 (D.C.Cir.)

**(Cite as: 2002 WL 449779 (D.C.Cir.))**

Page 1

**H**

**Briefs and Other Related Documents**

Only the Westlaw citation is currently available.

United States Court of Appeals, District of
Columbia Circuit.
**Larry R. WILLIAMS and Karen A. Williams,**
Appellants
v.
UNITED STATES of America, Appellee
**No. 01-5255.**

Feb. 21, 2002.
Rehearing Denied May 1, 2002.

Before: EDWARDS, SENTELLE, and
HENDERSON, Circuit Judges.

ORDER

PER CURIAM.

*1 Upon consideration of the motion for summary
affirmance, the response thereto, and the reply; the
motion "concerning district court's denial of motion
for appointment of counsel and the mistaken related
cases determination," the response thereto, and the
reply; and the motion for order to show cause, it is

ORDERED that the motion for summary
affirmance be granted. The merits of the parties'
positions are so clear as to warrant summary action.
*See Taxpayers Watchdog, Inc. v. Stanley,* 819 F.2d
294, 297 (D.C.Cir.1987) (per curiam); *Walker v.
Washington,* 627 F.2d 541, 545 (D.C.Cir.) (per
curiam), *cert. denied,* 449 U.S. 994 (1980). The
district court did not abuse its discretion in denying
any of the three post-judgment motions in which the
appellants merely reiterated their arguments why the
district court made a mistake; they did not

demonstrate how their case merited relief under any
particular provision of Rule 59(e) or 60(b). It is

FURTHER ORDERED that the motion
"concerning district court's denial of motion for
appointment of counsel and the mistaken related
cases determination" be denied. It is

FURTHER ORDERED that the motion for order to
show cause be denied.

Pursuant to D.C. Circuit Rule 36, this disposition
will not be published. The Clerk is directed to
withhold issuance of the mandate herein until
resolution of any timely petition for rehearing or
petition for rehearing en banc. *See* Fed. R.App. P.
41(b); D.C.Cir. Rule 41.

Not Reported in F.3d, 2002 WL 449779 (D.C.Cir.)

**Briefs and Other Related Documents (Back to
top)**

• 01-5255 (Docket) (Jul. 30, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.