UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY R. WILLIAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil Action No. 05-1880 TFH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiffs, Larry R. Williams and Karen A. Williams, through undersigned counsel, hereby respectfully oppose the motion of the United States to dismiss or, in the alternative, for summary judgment.

Plaintiffs respectfully request a hearing on defendant's motion, pursuant to Local Rule LCvR 7.1(f).

FACTUAL BACKGROUND

Plaintiffs, through undersigned counsel, fully acknowledge that there has been substantial litigation about Larry Williams' experience with the Farmers Home Administration and the loss of plaintiffs' farm in Arkansas through foreclosure. However, to a substantial degree, the passage, reliance upon and interpretation of the Westfall Act, 28 U.S.C. § 2679, has contributed to this complexity of this litigation.

The Westfall Act permits the United States to certify that a federal employee acted within the scope of his employment and substitute the United States as the defendant in place of the individual employee in a Federal Tort Claims Act ("FTCA") lawsuit. By this

1

Case 1:05-cv-01880-TFH    Document 11    Filed 06/24/2006    Page 2 of 17

substitution, the federal employee is immunized from liability for torts committed within the scope of his employment. *See Osborn v. Haley*, 422 F.3d 359, 360-61 (6th Cir. 2005), *cert. granted*, 126 S.Ct. 2017 (May 15, 2006).

The interplay between the Federal Tort Claims Act and other causes of action has also presented complex procedural situations. *See Will v. Hallock*, 126 S.Ct. 952 (2006)(district court order rejecting the judgment bar of the Federal Tort Claims Act as a defense to a *Bivens* suit is not immediately appealable under the collateral order doctrine).

Although the concept of substituting the United States for individual defendants appears straightforward, its implementation has created numerous questions of interpretations, circuit splits and procedural oddities. *See, e.g., Osborn v. Haley*, 422 F.3d at 362 (circuits disagree about the parameters of the district courts' factfinding authority where the Attorney General's scope certification amounts to a denial that any wrongdoing occurred). Plaintiffs, such as Larry and Karen Williams, have faced the obstacles created by the new requirements of the Westfall Act. Even though Congress intended to help immunize federal employees who are defendants, the Westfall Act should not also serve to create barriers and confusion for plaintiffs.

The record plainly shows the absolute frustration Larry Williams has suffered because of the loss of his farm. It should be appreciated that even his criminal conviction is surrounded by troubling circumstances. In a strong dissent, Senior District Judge Hunter stated that the "majority today affirms six convictions for conduct which is not a crime." The jury instructions omitted an essential element of the crime: specific intent to defraud. Further, Judge Hunter noted that the jury was confused about the intent element and made an unequivocal finding that Williams was "not guilty as charged of criminal

2

intent." *See United States v. Williams*, 935 F.2d 1531, 1539-44 (8th Cir. 1991)(Hunter, J., dissenting), *cert. denied*, 112 S.Ct. 1189, *reh. Denied*, 112 S.Ct. 1708 (1992).

## PERTINENT STATUTORY PROVISION

The statutory provision for the exhaustion of administrative remedies under the Westfall Act, 28 U.S.C. § 2679(d)(5), provides as follows:

> (5)  Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if -
>     (A)  the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>     (B)  the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

## PROCEDURAL BACKGROUND

For purposes of this opposition, the procedural background will be described in as understandable manner as possible.

On October 29, 1992, Williams brought an action in the United States District Court for the District of Columbia before the Honorable Norma Holloway Johnson. *Williams v. United States*, CA No. 92-2418 (NHJ). In a Memorandum Opinion filed on January 11, 1994, Judge Johnson substituted the United States as the exclusive defendant in all claims under the FTCA, dismissed the tort claims against the individual defendants, dismissed certain *Bivens* claims and transferred the remaining claims to the Western District of Arkansas. Judge Johnson treated as conclusive the Certification by the U.S. Attorney's Office dated April 23, 1993, as to the scope of employment, thereby substituting the United States as defendant.

In an order filed on March 6, 1996, the Honorable Harry F. Barnes of the Western

District of Arkansas dismissed the FTCA claims against the United States. As noted above, the Westfall Act procedure causes a case to be dismissed for failure to exhaust administrative remedies after the United States has been substituted as a defendant in place of the individual defendants. This substitution is not the fault of the plaintiff and does not reflect on the merits of the FTCA claim.

In compliance with the Westfall Act procedure set out at 28 U.S.C. § 2679(d)(5), Williams timely submitted the administrative claims under the FTCA and then filed suit [CA No. 98-736 (GK)] in the United States District Court for the District of Columbia on March 23, 1998, within six months of the administrative denial of the FTCA claim, pursuant to 28 U.S.C. § 2401(b).

In the defendant's motion at 6, it argued that the FTCA claims in the Arkansas case, CA No. 94-4038 (HFB) were dismissed with prejudice. However, Judge Kessler noted in the March 10, 1999, Memorandum Opinion at 8-9 that the Arkansas court dismissed the 1992 FTCA claims for failure to exhaust administrative remedies. Judge Kessler wrote:

> Although Plaintiffs failed to raise the argument, the Court feels compelled to note, as a matter of law, that cases which are dismissed for lack of subject-matter jurisdiction are not disposed of on the merits, and are therefore not entitled to res judicata effect. Prakash v. American Univ., 727 F.2d 1174, 1182 (D.C.Cir. 1984). The Western District of Arkansas dismissed Plaintiffs' 1992 counts under the FTCA for lack of subject-matter jurisdiction due to failure to exhaust administrative remedies. As such, that court never reached the merits of Plaintiffs' arguments. Defendant may not, therefore, assert res judicata as a basis for dismissing the current action.

It is important to appreciate that the 1998 lawsuit was a continuation of the 1992 lawsuit. The lapse in time was caused by the confusion and the ponderous procedures resulting from the Westfall Act and the goal of Congress to provide immunity for federal

employees by substituting the United States as a defendant.

In the March 10, 1999, memorandum opinion, Judge Kessler found that the claims were untimely. She held that the Westfall Act procedure set out at 28 U.S.C. § 2679(d)(5) did not apply. That finding was premised upon misleading pleadings submitted by the U.S. Attorney's Office, which characterized the procedure as an **exception** (which was permitted when there was some type of mistake), and not a tolling provision. The U.S. Attorney's Office misled Judge Kessler into the assumption that a plaintiff must qualify for the 28 U.S.C. § 2679(d)(5) "exception" when there had been a mistake [the type of mistake was described differently in various pleadings, thereby compounding the confusion].

The U.S. Attorney's Office stated in the memorandum in support of defendant's motion to dismiss, filed on July 1, 1998, that:

> The tolling provision provided in 2679(d)(5), was designed by Congress for situations where plaintiffs might suppose their claims to be against an individual government employee and thus might fail to timely present their claims to the agency. *Mittleman v. United States*, 104 F.3d 410 (D.C.Cir. 1997). Under such scenarios that Congress attempted to remedy, a **plaintiff** suffers an injury from a government employee, **mistakenly brings suit against that individual**, the Attorney General determines the employee was acting within the scope of his employment and substitutes the United States as the exclusive defendant, and the case is dismissed because the plaintiff did not file an FTCA claim with the agency because **he erroneously thought the individual (not the United States) was the proper defendant**. Under such circumstances, Congress deemed that it was only fair to allow the plaintiff to properly file a claim because the two year limitations period may have elapsed while **plaintiff erroneously pursued the wrong defendant.**

Memorandum at 9-10 (emphasis added).

The U.S. Attorney's Office then used its characterization that the Westfall Act was an exception to remedy a mistake by plaintiff to argue that the Williams plaintiffs did

5

not meet the requirements of this "exception."  In the memorandum at 10, in an effort to distinguish *Mittleman*, the U.S. Attorney's Office wrote:

> This case, however, does not present that fact pattern.  Instead, plaintiffs in this action brought suit against the individuals <u>and</u> the United States under the FTCA.  In fact, he filed a simultaneous FTCA claim with the agencies.  However, his error was not that he sued the wrong defendants to his detriment, his error was that he failed to wait for the agency to act on his claim or allow six months to elapse.  Plaintiffs simply failed to follow the proper procedures that the FTCA requires all plaintiffs to follow.  Accordingly, the 2679(d)(5) tolling provision was not meant to be applied to plaintiffs' claims.

The fact that Judge Kessler relied upon the U.S. Attorney's Office misrepresentations about the provisions of the Westfall Act is clear from her March 10, 1999, memorandum opinion at 7-8 (emphasis added), which states:

> As Defendant aptly points out, however, Plaintiffs' case is critically different from <u>Mittleman</u> in one respect: the **plaintiff in <u>Mittleman</u> mistakenly filed** her initial claim solely against individual defendants, whereas the Plaintiffs here filed identical claims in 1992 against both individual defendants <u>and</u> the United States.  Since Plaintiffs filed suit against the United States, **they could not have been mistaken as to their obligation to file claims with the appropriate federal agencies in accordance with the statute.**  They simply failed to do so.  Therefore, they are not entitled to the **exception of** 2679(d)(5)(footnote omitted).

This misrepresentation by the U.S. Attorney's Office similarly infected the appeal.  In the motion for summary affirmance filed on June 28, 1999, the U.S. Attorney's Office argued that plaintiffs did not mistakenly sue the individuals *instead* of the United States.  Once again, this concept of "mistake" has no bearing whatever on the operation of the Westfall Act, in direct contravention of the argument of the U.S. Attorney's Office.

The D.C. Circuit's Order dated September 27, 1999, granted summary affirmance, noting that:

> Other than the bald assertion that they timely exhausted in light of the

6

      exception contained in 28 U.S.C. § 2679(d)(5) for cases in which the United States is substituted as the defendant, they make no effort to show that the court erred in holding that § 2679(d)(5) does not govern their case because, despite a substitution, they were not mistaken about their obligation to exhaust.

This holding by the D.C. Circuit repeats the misguided concept that the Westfall Act tolling provision is an "exception" that applies when there is a mistake. The extent of the confusion is highlighted by the fact that the type of mistake changed. The district court assumed that the mistake was that the plaintiff mistakenly sued the wrong defendant. On appeal, the mistake became that the plaintiff was not obligated about the obligation to exhaust. Either type of "mistake" is wholly unrelated to the statutory provisions of 28 U.S.C. § 2679(d)(5).

The plaintiffs filed an administrative claim on November 15, 1999, which was within 60 days of the grant of summary affirmance no September 27, 1999, in which the D.C. Circuit affirmed the district court's holding that plaintiffs did not timely exhaust their administrative remedies. The administrative claim was denied by letter dated March 22, 2005. The action was filed in district court not later than six months after the date of the mailing of the notification that the administrative claim was denied.

## ARGUMENT

**I.    Venue should be permitted in this district because related cases have been considered in this district. In the alternative, the case should be transferred and should not be dismissed based On improper venue.**

Defendant United States argues in its motion at page 9-10 that venue does not lie in this jurisdiction and, as a result, the claims should be dismissed. Defendant does not address whether this matter should be transferred.

In *Williams v. United States*, CA No. 98-736, counsel for Williams discussed the venue issue at length in the memorandum in support of plaintiff's response to motion to dismiss, filed on August 13, 1998, at 9-12. Counsel described an act which took place in Washington, D.C. On August 4, 1984, Neal Johnson, Deputy Administrator of FmHA in Washington, D.C., denied FmHA services and counsel stated that the denial was based on personal conflicts between Mr. Johnson, his nephew, Richard Johnson (County Supervisor), and plaintiff Larry Williams.

In addition, counsel argued that the judge in federal court in Arkansas apparently prohibited plaintiffs, by letter dated September 19, 1997, from pursuing their case, even though the complex procedures under the Westfall Act required them to refile after exhausting administrative remedies. It appears that the proceedings in Arkansas are a stark illustration of the awkward procedural barriers plaintiffs must overcome to get to a stage where the court will address the merits of a case rather than be focused on the procedures required by the Westfall Act.

In *Williams v. United States*, CA No. 92-2418, Judge Johnson issued a memorandum opinion on January 11, 1994. In discussing venue, she stated at 5-6 that:

> Venue also is improper under the FTCA because (1) the plaintiffs doe not reside here and (2) the tortious acts or omissions are not alleged to have occurred in this district. See 28 U.S.C. § 1402(b). The remaining FTCA claim against the United States may not go forth in this district.
>
> Despite plaintiffs' objections, the Court will transfer the remaining claims -- including the pendent state claims -- to the Western District of Arkansas. See 28 U.S.C. § 1406(a). The other alternative is dismissal, which the Court determines is not in the interests of justice in this case.

In *Williams v. United States*, CA No. 98-736, Judge Kessler issued a memorandum opinion on March 10, 1999. In discussing venue, she stated at 13:

8

>Because the Court dismisses Plaintiffs' claims as untimely and uncognizable under the FTCA, there is no need to discuss change of venue.

As the foregoing discussion shows, previous judges have either transferred a Williams case to Arkansas or found it unnecessary to discuss change of venue. In light of these holdings, the venue issue has been waived. *See Manchester Knitted Fashions v. Amalgamated*, 967 F.2d 688, 691-93 (1st Cir. 1992)(Fund conducted itself in a way demonstrating that it unmistakingly submitted itself to the jurisdiction of the New Hampshire court).

If this Court finds that venue issue has not been waived, then it is in the interest of justice to keep the case in this district or, as a significantly less efficient alternative, move it to Arkansas. The defendant has not offered any argument that it is in the interest of justice to dismiss the case.

Thus, plaintiffs respectfully submit that this case should not be dismissed for improper venue.

**II.     This claims in this case are not precluded by res judicata and collateral estoppel.**

Defendant argues in the motion at 10-12 that the claims are precluded by res judicata and collateral estoppel. Further, defendant asserts that plaintiffs have sought to "litigate again and again" the issues in the complaint. As discussed above, the appearance of repeated litigation is one of the unintended consequences of the procedures set out in the Westfall Act. When the United States is substituted as a defendant under the FTCA, the case is then dismissed for failure to exhaust administrative remedies. Plaintiffs then must return to the agency to exhaust the administrative remedy. That detour may take years. Then plaintiffs must file a new action in court, which gives the

appearance that they are litigious.

Moreover, the dismissal for failure to exhaust administrative remedies is not a decision on the merits of the case. Even so, the dismissal gives the impression that the plaintiffs have lost their case when the only thing that happened is that the United States was substituted as a defendant.

In addition, in this case and other early Westfall Act cases, the certification was treated as conclusive and its merits were not addressed by the district court. That earlier practice has now been wholly repudiated. *See Osborn v. Haley*, 422 F.3d at 362 (it is well-settled that the Attorney General's scope-of-employment certification may be judicially reviewed), *citing Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

Judge Kessler noted in the March 10, 1999, Memorandum Opinion at 8-9 that the Arkansas court dismissed the 1992 FTCA claims for failure to exhaust administrative remedies. Judge Kessler wrote:

> Although Plaintiffs failed to raise the argument, the Court feels compelled to note, as a matter of law, that cases which are dismissed for lack of subject-matter jurisdiction are not disposed of on the merits, and are therefore not entitled to res judicata effect. Prakash v. American Univ., 727 F.2d 1174, 1182 (D.C.Cir. 1984). The Western District of Arkansas dismissed Plaintiffs' 1992 counts under the FTCA for lack of subject-matter jurisdiction due to failure to exhaust administrative remedies. As such, that court never reached the merits of Plaintiffs' arguments. Defendant may not, therefore, assert res judicata as a basis for dismissing the current action.

As Judge Kessler explained, the dismissal for lack of subject matter jurisdiction was not based on the merits and is not entitled to res judicata effect. To the extent that the United States is claiming that the holding as to untimeliness was based on the merits, that holding is subject to question because of the misrepresentations of the U.S. Attorney's Office as to the applicability of 28 U.S.C. § 2679(d)(5).

10

Thus, plaintiffs respectfully submit that the doctrines of res judicata and collateral estoppel do not apply in this case.

**III.    The FTCA claims are timely.**

Defendant next argues in the motion at 12-13 that the claims are untimely. Defendant cites again the March 5, 1996, Order in CA No. 94-4038, in which the Arkansas court stated that the claims are dismissed with prejudice. The Order includes no reasoning or discussion of the Westfall Act and its requirements. Also, as explained by Judge Kessler, a dismissal for failure to exhaust administrative remedies is not based on the merits.

Defendant also asserts that the timeliness issue was conclusively established in the September 27, 1999, Order in *Williams v. United States*, No. 99-5141 (D.C.Cir. 1999). However, that Order held that appellants had not effectively challenged the district court's holding that they did not timely exhaust their administrative remedies. That holding appears to be more about the timeliness of the exhaustion of the administrative remedies and not about the timeliness of the underlying claim. See 28 U.S.C. § 2679(d)(5)(A)(a claim shall be deemed to be timely presented under section 2401(b) if the claim would have been timely had it been filed on the date the underlying civil action was commenced).

Moreover, as discussed above, the misrepresentation by the U.S. Attorney's Office about the operation of 28 U.S.C. § 2679(d)(5) should render that holding a nullity. The U.S. Attorney's Office should comply with its duty of candor to the court and advise this Court that its discussion of 28 U.S.C. § 2679(d)(5) as being an exception based on some type of mistake was not an accurate representation of the Westfall Act and its

11

procedures. *United States v. Shaffer Equipment*, 11 F.3d 450, 457-59 (4th Cir. 1993)(attorneys owe a duty of candor to the court).

Other courts have plainly described the substitution process and have not required that the application of the Westfall Act be permitted only when there was some type of "mistake." *See McLaurin v. U.S.*, 392 F.3d 774, 782 nn. 33, 34 (5th Cir. 2004)(noting that plaintiff will be inconvenienced, but not prejudiced, by failure to file administrative claim, because of provision of 28 U.S.C. § 2679(d)(5)); *Chin v. Wilhelm*, 291 F.Supp.2d 400, 404 n. 3 (D.Md. 2003)(tort claims dismissed without prejudice; court assumes plaintiffs meet requirements of 28 U.S.C. § 2679(d)(5)).

In this motion, defendant did not present a substantive argument as to when the FTCA claims accrued. It is noteworthy that counsel for plaintiffs had argued that the claim accrued on June 8, 1991 (the date the United States Supreme Court denied certiorari in the foreclosure case). See Plaintiff's memorandum filed on August 13, 1998, in CA No. 98-736 at 5. The claim would be timely because the case before Judge Johnson was filed on October 29, 1992, which is less than two years after accrual.

For these reasons, the defendant has not shown that the claims are untimely and the motion to dismiss should be denied.

**IV.   There is subject-matter jurisdiction under the Federal Tort Claims Act.**

The defendant asserts in the motion at 13-14 that the FTCA waiver of sovereign immunity does not apply in this case. It noted that the FTCA waives sovereign immunity for violation of a duty imposed by state law.

However, Judge Kessler has previously found that plaintiffs stated a claim for common law negligence. In *Williams v. United States*, CA No. 98-736, Judge Kessler's

memorandum opinion filed on March 10, 1999, addressed subject matter jurisdiction under the FTCA. In the opinion at 14, Judge Kessler wrote:

> Plaintiffs have adequately stated a claim for common law negligence, although that claim remains untimely.

As explained above, Judge Kessler's ruling on timeliness was premised upon misleading representations by the U.S. Attorney's Office that the tolling provision of the Westfall Act is an exception based on a mistake by plaintiff. That premise is wholly misguided. However, for the argument concerning subject-matter jurisdiction, Judge Kessler's ruling that plaintiffs adequately stated a claim for common law negligence remains valid.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that defendant's motion to dismiss or, in the alternative, for summary judgment be denied.

Respectfully submitted,

_____
Elaine Mittleman, DC Bar # 317172
2040 Arch Drive
Falls Church, VA  22043
(703) 734-0482

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY R. WILLIAMS, <u>et al</u>., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 05-1880 TFH |

**STATEMENT OF MATERIAL FACTS AT ISSUE**

1. Whether venue is proper in the District of Columbia. *See* Plaintiffs' Response to Motion to Dismiss, CA No. 98-736 (GK), filed on August 13, 1998.

2. Whether any objection to venue has been waived. Pleadings in CA No. 98-736 (GK).

3. On what date the claims under the Federal Tort Claims Act accrued. *See* Plaintiffs' Response to Motion to Dismiss, CA No. 98-736 (GK), filed on August 13, 1998; pleadings in CA No. 87-4014 (W.D.Ark.).

4. Whether the provisions of the Westfall Act, 28 U.S.C. § 2679(d)(5), apply to the claims presented by Williams. Pleadings in CA No. 98-736 (GK).

5. Whether this complaint was timely filed. Complaint paragraphs 17-19; Pleadings in CA No. 98-736 (GK); Pleadings in CA No. 92-2418 (NHJ).

6. Whether the previous rulings concerning failure to exhaust administrative remedies can be considered a finding on the merits. *See* Exhibits 1-5 of defendant's motion to dismiss; Judge Kessler's memorandum opinion in CA No. 98-736 (GK), filed

on March 10, 1999.

                                                   Respectfully submitted,

                                                   _____
                                                   Elaine Mittleman, DC Bar # 317172
                                                   2040 Arch Drive
                                                   Falls Church, VA  22043
                                                   (703) 734-0482

                                                   Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY R. WILLIAMS, et al., )<br>)<br>Plaintiffs, )<br>)<br>V. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-1880 TFH |

**ORDER**

Upon consideration of the defendant's motion to dismiss or, in the alternative, for summary judgment, plaintiffs' opposition thereto, and the entire record, it is this _____ day of _____, 2006, hereby

ORDERED that the defendant's motion is denied.

_____
Chief Judge Thomas F. Hogan
United States District Judge

Copies to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

Elaine Mittleman, Esq.
2040 Arch Drive
Falls Church, VA  22043

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Opposition, statement of facts at issue and a proposed order has been made through the Court's electronic transmission facilities on this 23rd day of June, 2006.

_____
Elaine Mittleman, D.C. Bar # 317172
2040 Arch Drive
Falls Church, VA  22043
(703) 734-0482