UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY R. WILLIAMS, <u>et</u> <u>ux</u>.,            )
                                          )
                    Plaintiffs,           )
                                          )
          v.                              ) Civil Action No. 05-1880 RWR
                                          )
UNITED STATES OF AMERICA, ____            )
                                          )
                    Defendant.            )
_____)

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant's Motion To Dismiss Or, In The Alternative, For

Summary Judgment should be granted.

Initially, Defendant notes that Plaintiffs have not Complied

with Local Rule Local Civ. R. 7(h) and 56.1.  It is well

established in this Circuit that courts strictly adhere to the

dictates of Local Civil Rules 7(h) and 56.1 and may strike

pleadings not in conformity with these rules. <u>See</u> <u>Burke v. Gould</u>,

286 F.3d 513, 519 (D.C. Cir. 2002).  Accordingly, a party

responding to a statement of material facts must respond to each

paragraph with a correspondingly numbered paragraph, indicating

whether that paragraph is admitted or denied. <u>See</u> Local Civil R.

7(h) and 56.1; Fed. R. Civ. P. 56.  The responding party should

include any information relevant to its response in that

paragraph.  <u>Id.</u>  If the responding party has additional facts

that are not addressed in the corresponding paragraphs, the

responding party should include these at the end of its

responsive statement of facts.  <u>Id.</u>  In all responses, parties

must furnish precise citations to the portions of the record on
which they rely. Id.  In fact, the Court of Appeals has affirmed
the grant of summary judgment where the non-moving party failed
to cite any evidence in the record, and in the statement of
genuine factual issues, "did not set forth specific, material
facts, but simply asserted, without citing evidence in the
record, that there was a disputed issue[.]"  Burke, 286 F.3d at
518 (quoting Tarpley v. Greene, 684 F.2d 1, 7 (D.C. Cir. 1982)).
Under these circumstances, the Court assumes facts identified by
the moving party in its statement of material facts are admitted,
unless such a fact is controverted in the statement of genuine
issues filed in opposition to the motion. Local Civ. R. 7(h),
56.1.

Plaintiffs' Statement of Disputed Facts is legally deficient
to withstand summary judgment.  Nowhere in Plaintiffs' Statement
Of Material Facts At Issue is there an explicit or express denial
of any of the statements made by Defendant.  Instead, Plaintiffs'
Statement contains numerous legal assertions without citation to
the record that would counter the factual assertions made by
Defendant.  See e.g. Burke, 286 F.3d at 518.  Under these
circumstances, since Plaintiffs have failed to comply with Local
Civ. R. 7(h) and 56.1, the Court "is under no obligation to sift
through the record and should '[i]nstead . . . deem as admitted
the moving party's facts by the non-moving party's Rule [LCvR

7(h)] statement." <u>See</u> <u>Czekalski</u> v. <u>Mineta</u>, 2005 WL 975679, *3

(D.D.C. 2005)(*quoting* <u>Securities and Exchange Commission</u> v.

<u>Banner Fund International</u>, 211 F.3d 602, 612 (D.C. Cir. 2001)).

More importantly, Plaintiffs have failed to indicate in

Plaintiffs' Opposition how the issues that they are allegedly

disputing are relevant and material to their ability to address

the jurisdictional grounds for dismissal raised by Defendant.

Plaintiffs' "Statement Of Material Facts At Issue" is, in fact, a

recitation of legal issues, and the citations upon which they

rely, are limited to the "Pleadings" in the numerous earlier

civil actions that they have brought.  These citations are not

sufficient to raise any issue of fact, but only highlight that

Plaintiffs are seeking to relitigate legal issues that they have

litigated and lost over and over again.  Such acknowledgment

serves only to affirm the facts proffered by Defendant.  <u>See</u>

Defendant's Statement Of Material Facts As To Which There Is No

Genuine Dispute, ¶ 1 ("Plaintiffs have previously litigated the

propriety of the actions taken regarding FmHA loans and services

and regarding the foreclosure of their property. . .").

     Plaintiffs attempt to excuse their untimely commencement of

this action by arguing, in essence, that the government

misrepresented the law in one of their numerous earlier actions,

<u>Williams</u> v. <u>United States</u>, Civil Action No. 98-736 GK.  <u>See</u>

Plaintiffs' Opp. at 5-6.  Defendant disagrees with Plaintiffs'

characterization of the arguments made earlier, but it does not

matter how one characterizes the earlier argument, Plaintiffs

still cannot challenge the earlier judgment by simply filing a

new action whenever they do not prevail.  This endless cycle of

litigation is precisely why there exists the doctrines of

collateral estoppel and res judicata.  See Allen v. McCurry, 449

U.S. 90, 94 (1980); United States v. Mendoza,  464 U.S. 154, 158

(1984); Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004)

("[T]he doctrine of res judicata holds that a judgment on the

merits in a prior suit bars a second suit involving identical

parties ⋯ based on the same cause of action.").

Even assuming that Plaintiffs could establish that the

judgment in their 1998 case was the result of some

"misrepresentations of the U.S. Attorney's Office" (see

Plaintiffs' Opp. at 10) -- and Defendant submits that they cannot

-- their effort to challenge that judgment in a separate action

filed seven years after Civil Action No. 98-736 GK was dismissed

is misguided.  Their remedy had they discovered evidence of a

fraud or misrepresentation would have been to seek relief from

the judgment in the earlier civil action pursuant to Fed. R. Civ.

P. 60(b), and to challenge any denial in the Court of Appeals.

See Fed. R. Civ. P. 60(b)(3).  Rule 60(b), however, calls for the

filing of a motion with the Court in the case in which the

alleged misrepresentation was made, and the rule further limits

the time for seeking relief under this provision to "a reasonable

time" and "not more than one year after the judgment, order, or proceeding was entered or taken." <u>Id</u>. Thus, Plaintiffs cannot rely on an asserted misrepresentation to breathe life into their stale and tired claims.[1]

Plaintiffs also make a curious argument that any challenge to venue was somehow waived. Plaintiffs' Opp. at 7-9. The venue argument, however, was made in a timely motion filed pursuant to Fed. R. Civ. P. 12(b). Under such circumstances, the issue was timely. <u>See</u> Fed. R. Civ. P. 12(b) ("the following defenses may be made at the option of the pleader be made by motion . . . (3) improper venue"); <u>see</u> <u>also</u> Fed. R. Civ. P. 12(h) (noting that improper venue defense is waived only if omitted from a motion under Rule 12).

Plaintiffs argue that Defendant's venue argument was somehow waived because their earlier claims were dealt with by the Courts of the District of Columbia. As they recognize, however, in each instance, the defendants challenged venue here. <u>See</u> Plaintiffs' Opp. at 8-9. Plaintiffs rely on <u>Manchester Knitted Fashions, Inc.</u> v. <u>Amalgamated Cotton Garment and Allied Industries Fund</u>,

---

[1] In fact, Plaintiffs filed several Rule 60 motions challenging that ruling. All were denied. <u>See</u> Exhibit 5 (Docket Report in Civil Action No. 98-736 GK, Docket Nos. 44, 48, 49, 52, 53, 54, 60). Indeed, the Court ultimately directed that "Plaintiffs **shall not file any subsequent documents in this case without written leave of Court**, if Plaintiffs violate this Order, they shall be subject to sanctions, including the imposition of monetary fees against Plaintiffs' counsel in her personal capacity". <u>See</u> Exhibit 5 (May 21, 2001 Memorandum Order at 3-4) (emphasis in original).

967 F.2d 688, 692 (1st Cir. 1992), for the proposition that a party which submits itself to the jurisdiction of the Court cannot thereafter assert a defense of improper venue. Plaintiff's Opp. at 9.  In Manchester, however, the defendant had defended against a motion for a temporary restraining order and filed a stipulation before ever challenging venue, leading the Court to conclude that "[W]e see nothing in the record which would have prevented the Fund from raising this motion or defense in conjunction with or before the motion for a hearing on the TRO or before entering into a stipulation whereby it submitted itself to the jurisdiction of the district court.  To the contrary, the Fund had more than ample time to contest venue, yet waived the opportunity to do so."  967 F.2d at 692.  In the instant action, Defendant made no effort to defend against the substance of the Plaintiffs' Complaint before filing its motion to dismiss asserting, inter alia, improper venue.[2]  Under  these circumstances, venue has not been waived.

Plaintiffs suggest that transfer rather than dismissal would be appropriate here.  In truth, given the numerous bases calling out for dismissal, and the mandate to administer the Court's rules so as to "secure the just, speedy and inexpensive determination of every action," see Fed. R. Civ. P. 1, this

---

[2]  Defendant did seek additional time within which to file its dispositive motion, but, as the Manchester Court specifically recognized: "a motion for an enlargement of time in which to file a responsive pleading does not constitute a waiver of venue." 967 F.2d at 692 n.6.

action should be dismissed with prejudice.  <u>See</u>, <u>e.g.</u>, <u>Simpkins</u>
v. <u>District of Columbia Government</u>, 108 F.3d 366, 370 (D.C. Cir.
1997) ("With the outcome not in doubt, it made little sense to
transfer the case to another jurisdiction pursuant to 28 U.S.C. §
1406, or to dismiss it and allow the plaintiff to refile
elsewhere.").

For these reasons and those previously set forth in support
of Defendant's Motion to Dismiss Or, In The Alternative, For
Summary Judgment, this action should be dismissed, and Plaintiffs
placed on notice of the potential consequences of filing another
frivolous action.


Respectfully submitted,


_____

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney


- 7 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiffs' Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment has been made through the Court's electronic transmission facilities on this 10th day of August, 2006.

W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230