UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY R. WILLIAMS, et al.,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civ. No. 05-1880 (TFH) |
| **UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION

Pending before the Court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (1), (3), and (6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. [dkt. 6] Plaintiffs bring suit pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), alleging that United States employees committed various torts. Upon careful consideration of defendant's motion, plaintiffs' opposition, and defendant's reply, the Court will grant defendant's motion because the preclusive effect of Judge Kessler's 1999 decision renders plaintiffs' current action untimely, and defendant is therefore entitled to summary judgment.

**I.     Background**

Plaintiffs owned and operated a farming operation in Arkansas in the 1980s. Plaintiffs secured loans from the Farmers Home Administration ("FmHA"), fell behind on payments, and as a result, the FmHA accelerated the loans on September 17, 1986. Litigation spanning approximately twenty years ensued.

In 1985, plaintiffs filed a *Bivens* action in the Western District of Arkansas, alleging constitutional, statutory, and regulatory violations regarding their application to FmHA for loans and services. Civ. Action No. 85-4120 (W.D. Ark.). All claims from this action were dismissed

on June 5, 1989.

During the pendency of the *Bivens* action, plaintiffs obtained an additional loan secured by cattle and other chattel. After plaintiff Larry R. Williams sold the cattle pledged as security for these loans, a criminal trial for conversion and other counts ensued, resulting in a conviction that was upheld on appeal. In 1987, the United States Attorney for the Western District of Arkansas brought a foreclosure action and plaintiffs lost their farming operation. Civ. Action No. 87-4014 (W.D. Ark.).

In 1992, Plaintiffs filed a complaint in the District of Columbia alleging various common law torts, naming as defendants the United States and its employees in both their individual and official capacities. Civ. Action No. 92-2418 (NHJ). The government certified that the defendants acted within the scope of their authority as government employees. Accordingly, on January 11, 1994, the court substituted the United States as the sole defendant pursuant to 28 U.S.C. § 2679(d)(1), dismissed certain claims, and transferred those that remained to the Western District of Arkansas. On March 6, 1996, the Honorable Harry F. Barnes of the Western District of Arkansas dismissed the case for failure to exhaust administrative remedies. Civ. Action No. 94-4038. The Eighth Circuit Court of Appeals affirmed the dismissal. Civ. Action No. 94-4038, Dkt. No. 94). Thereafter, plaintiffs submitted administrative claims, which were denied, and on March 23, 1998, again filed suit in this court. The case was heard by the Honorable Gladys Kessler.

Before Judge Kessler, plaintiffs argued that, despite the substantial passage of time, their claims should be deemed timely under 28 U.S.C. § 2679(d)(5), which provides:

Whenever an action or proceeding in which the United States is substituted as the party

> defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
>
> > (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> > (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). Judge Kessler disagreed, finding that unlike the principle authority on which plaintiffs relied, *Mittleman v. United States*, 104 F.3d 410 (D.C. Cir. 1997),

> . . . the Plaintiffs here filed identical claims in 1992 against both individual defendants <u>and</u> the United States. Since Plaintiffs filed suit against the United States, they could not have been mistaken as to their obligation to file claims with the appropriate federal agencies in accordance with statute. They simply failed to do so. Therefore, they are not entitled to the exception in § 2679(d)(5).

Civ. Action No. 98-736, 7-8. Because § 2679(d)(5) could not save plaintiffs' time-barred claims, Judge Kessler dismissed the case as untimely. *Id*. Following dismissal, plaintiffs moved for reconsideration three times, each of which was denied. The United States Court of Appeals for the District of Columbia Circuit affirmed the decision, noting,

> [o]ther than the bald assertion that they timely exhausted in the light of cases in which the United States is substituted as a defendant, they make no effort to show that the court erred in holding that § 2679(d)(5) does not govern the case because, despite a substitution, they were not mistaken about their obligation to exhaust.

*Williams v. United States*, No. 99-5141, 1999 WL 825510, at *1 (D.C. Cir. Sept. 27, 1999). Following the Court of Appeals' decision, plaintiffs again filed an administrative claim, which was denied on March 22, 2005.

On September 22, 2005, plaintiffs filed the instant action arguing – as they did before Judge Kessler – their claim is timely under 28 U.S.C. § 2679(d)(5). Plaintiffs allege negligence

3

and intentional infliction of emotional distress in relation to the handling of the loans and seek damages in the amount of $46,280,000.

## II. Legal Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  While the moving party "bears the initial responsibility" of demonstrating the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), in opposing a properly supported summary judgment motion, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading."  Fed. R. Civ. P. 56(e).  Rather, the nonmovant's burden is to "set forth specific facts showing that there is a genuine issue for trial."  *Id*.  If the nonmovant fails to point to "affirmative evidence" showing a genuine issue for trial, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986), "summary judgment, if appropriate, shall be entered against the adverse party."  Fed. R. Civ. P. 56(e).  A nonmovant meets its burden "only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987) (quoting *Anderson*, 477 U.S. at 248).

## III. Discussion

Defendant urges dismissal, arguing: (1) the claims are barred by the related doctrines of res judicata and collateral estoppel; (2) proper venue is lacking; (3) the claims are untimely; and, (4) there is no waiver of sovereign immunity.

### A. Collateral Estoppel

Under collateral estoppel, or issue preclusion, "[w]hen a court determines an issue of fact

or law that is actually litigated and necessary to its judgment, that conclusion binds the same parties in a subsequent action." *Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Syst.*, 900 F.2d 360, 363 (D.C. Cir. 1990). Defendant argues Judge Kessler's March 9, 1999, decision precludes plaintiffs' suit because that litigation involved the same parties and claims, the parties litigated the applicability of § 2679(d)(5), and the court's finding was necessary to its judgment. Defendant is correct.

Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The two year statutory window elapsed before plaintiffs filed the case Judge Kessler decided. Civ. Action No. 98-736, at 5 n.3 ("Plaintiffs failed to present their claims to federal agencies for review until August 14, 1997, <u>well</u> beyond the time limits set forth in 28 U.S.C. §§ 2401(b) and 2675(a)"). Consequently, in the 1998 action, plaintiffs' claims could not survive unless they fell within the ambit of § 2679(d)(5). The parties briefed the issue and Judge Kessler considered their arguments, ruled § 2679(d)(5) did not capture plaintiffs' claims and, therefore, dismissed them as untimely. In sum, the parties thoroughly litigated the applicability of § 2679(d)(5), the court held it was inapplicable, and that holding was necessary to the judgment of dismissal. Accordingly, defendants are entitled to the preclusive effect of Judge Kessler's 1999 decision.

Notwithstanding Judge Kessler's decision, plaintiffs filed this action on September 22, 2005, at least thirteen years after the accrual date[1], arguing again that § 2679(d)(5) saves the

---

[1] The Court makes no finding regarding the specific accrual date of the claims. However, because the Plaintiffs first filed their FTCA claims in 1992, the alleged acts must have occurred at some point prior to 1992.

claims.  Plaintiffs do not dispute Judge Kessler "held that the Westfall Act procedure set out at 28 U.S.C. § 2679(d)(5) [does] not apply."  Plaintiffs' Opp'n, 5.  Plaintiffs argue, rather, that Judge Kessler's holding "was premised upon misleading pleadings submitted by the U.S. Attorney's Office, which characterized the [Westfall Act] procedure as an exception . . . and not a tolling provision."  *Id*.  Nor do plaintiffs dispute that our Circuit affirmed Judge Kessler's holding.  Instead, plaintiffs submit only that the U.S. Attorney's "misrepresentation . . . infected the appeal" and, as a result, "the D.C. Circuit repeat[ed] the misguided concept that the Westfall Act tolling provision is an 'exception' that applies when there is a mistake."  *Id.* at 6-7.  Stated simply, plaintiffs' argument is that Judge Kessler misapplied the law, the Court of Appeals erroneously affirmed, and this Court should correct their "mistakes."  Even if this Court disagreed with Judge Kessler, "[t]he appeal process is available to correct error; subsequent litigation is not."  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  As defendant correctly points out, despite the multiple motions for reconsideration, the appeal, and now the pending litigation, Judge Kessler's March 9, 1999, decision stands and the parties are bound by it.  Consequently, defendant is entitled to judgment as a matter of law.  Therefore, the Court will grant defendant's motion for summary judgment.  An appropriate order accompanies this memorandum opinion.

**SO ORDERED.**

August 28, 2007

                                                                              /s/

                                                Thomas F. Hogan
                                                    Chief Judge